JUSTICE LACY
delivered the opinion of the Court.
In this defamation action, we consider whether the trial court abused its discretion in determining that a jury verdict for compensatory and punitive damages was excessive and requiring a plaintiff to remit part of the verdict amount and accept judgment for the reduced sum.
Charles B. Poulston, Jr. and Bobby Rock were acquaintances and shared an interest in custom built motorcycles. In January 1993, Poulston obtained a judgment against Rock for negligently painting Poulston’s motorcycle. Rock failed to pay the amount of the judgment and Poulston instituted garnishment proceedings. When Rock was served with the garnishment summons, he placed a call to Poulston’s employer, DuPont Corporation, and spoke with the labor relations manager. Rock told the manager that Poulston had stolen some nuts and bolts from DuPont’s inventory and had given them to Rock for use in assembling a motorcycle. Rock also told the manager that he wanted to “get” Poulston in retaliation for Poulston’s garnishment proceeding. Rock repeated these allegations to other DuPont employees. DuPont’s internal investigation based on Rock’s allegations disclosed no evidence of Poulston’s alleged theft.
Rock repeated his allegations, that Poulston stole the nuts and bolts, to participants in a custom motorcycle show. Rock also confronted Poulston on two separate occasions, calling him a liar and a thief. These incidents occurred in restaurants and the accusations were heard by other patrons.
Poulston filed this action against Rock seeking $40,000 in compensatory damages and $60,000 in punitive damages for Rock’s defamatory statements. Following trial, the jury found in favor of Poulston and awarded compensatory damages of $10,000 *258 and punitive damages of $25,000. Rock moved to set the verdict aside, arguing that the damage amounts were excessive.
The trial court, in a letter opinion, determined that “the amount of compensatory damages awarded in this case is shockingly excessive” and “should be reduced to $1,000.” The trial court further found that the punitive damages were also excessive and should be reduced to $2,500. Pursuant to Code § 8.01-383.1(A),[1] the trial court entered a final order granting judgment in favor of Poulston but remitting the damage award to “$1,000 compensatory and $2,500 punitive or else there will be a new trial on all issues.” Under protest, Poulston accepted the damage amounts ordered by the trial court' and filed this appeal.
I. Compensatory Damages
Generally, a trial court should not disturb a jury verdict establishing damages which has been fairly rendered and is based on competent evidence. Nevertheless, a jury verdict is not beyond the control of the courts. Courts have the duty to correct a verdict that plainly appears to be unfair or would result in a miscarriage of justice. Edmiston v. Kupsenel, 205 Va. 198, 202, 135 S.E.2d 777, 780 (1964); Smithey v. Sinclair Refining Co., 203 Va. 142, 146, 122 S.E.2d 872, 875 (1961).
Circumstances which compel setting aside a jury verdict include a damage award that is so excessive that it shocks the conscience of the court, creating the impression that the jury was influenced by passion, corruption, or prejudice; that the jury has misconceived or misunderstood the facts or the law; or, the award is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision. Edmiston, 205 Va. at 202, 135 S.E.2d at 780; Smithey, 203 Va. at 146, 122 S.E.2d at 875-76. Setting aside a verdict as excessive under these *259 conditions is an exercise of the inherent discretion of the trial court and, on appeal, the standard of review is whether the trial court abused its discretion. Bassett Furniture Indus. v. McReynolds, 216 Va. 897, 911, 224 S.E.2d 323, 332 (1976).
The standard under which we review the trial court’s exercise of discretion under these circumstances was enunciated in Bassett Furniture:
In determining whether a trial court has abused the discretion ... we must examine the grounds upon which he based his order of remittitur. “[T]he record must show the grounds relied on in support of such action, otherwise it cannot be upheld.” . . .
On the other hand, when it appears from the record before us that the trial judge made a finding that the verdict was plainly excessive and remittitur should be ordered and that, in reaching his conclusion, he considered factors in evidence relevant to a reasoned evaluation of the damages incurred and to be incurred, his order will not be disturbed on appeal if the recovery after remittitur bears a reasonable relation to the damages disclosed by the evidence. “Reasonableness” in this context is the standard by which the exercise of discretion must be tested by this Court.
216 Va. at 911-12, 224 S.E.2d at 332 (citation and footnote omitted).
Applying this standard requires us to make a number of determinations. First, we must find in the record both the trial court’s conclusion that the verdict was excessive and a demonstration that, in reaching that conclusion, the trial court considered “factors in evidence relevant to a reasoned evaluation of the damages.” Id. Then we must determine whether the amount of the recovery after the remittitur bears a “reasonable relation to the damages disclosed by the evidence.” Id. We review the reasonableness of the trial court’s evaluation of the relevant damage evidence and the reasonableness of the relation between the amount of the remittitur and that evidence.[2]
*260 In this case, the record contains the trial court’s letter opinion in which it stated its finding that the verdict was “shockingly excessive” and set out the factors it considered in reaching that conclusion. The trial court did not indicate whether it concluded that the verdict created the impression that the jury was influenced by passion or prejudice, that the jury misunderstood the law or facts, or that the verdict was not the result of a fair and impartial decision. However, a trial court does not have to use the specific words that the verdict was the result of passion or prejudice, a misunderstanding of the facts or law, or not a product of a fair and impartial decision, so long as one of those factors may be “fairly inferred from the reasons given.” Caldwell v. Seaboard Sys. R.R., Inc., 238 Va. 148, 157, 380 S.E.2d 910, 915 (1989), cert. denied, 493 U.S. 1095 (1990).
Here the trial court’s statement that the “size of the compensatory damage award is without support in the evidence and grossly in excess of the actual injuries suffered,” is in accord with a conclusion that the award was excessive because it was so out of proportion to the injuries suffered as to suggest that it was not the product of a fair and impartial decision.
In arriving at its conclusion, the trial court acknowledged that the statements made by Rock were defamatory per se, and that, under these circumstances, injury to personal and business reputation is presumed. Slaughter v. Valleydale Packers, Inc., 198 Va. 339, 347, 94 S.E.2d 260, 266 (1956). The trial court further recognized that the defamed party need not produce any evidence showing actual or pecuniary loss to recover compensatory damages. See Great Coastal Express, Inc. v. Ellington, 230 Va. 142, 151-52, 334 S.E.2d 846, 853 (1985). Nevertheless, the trial court explained its conclusion as follows:
Plaintiff presented no proof that his reputation was even slightly diminished by defendant’s defamatory statements. *261 No inferences may be drawn from the proof that plaintiffs reputation was harmed or tainted in any way by the defamation. On the contrary, plaintiffs own witnesses testified that they did not believe defendant’s accusation, and held plaintiff in the same high esteem after learning of defendant’s accusation as before. In addition, the evidence was devoid of proof that plaintiff suffered any pecuniary loss from the defamatory statements. Plaintiff remains employed at DuPont, suffered no diminution in salary, and is held in high regard by his fellow employees and superiors. Finally, plaintiff offered no evidence that he suffered any physical or emotional injury, save for some embarrassment sustained from good natured joking of his peers. Accordingly, the size of the compensatory damage award is without support in the evidence, and grossly in excess of the actual injuries suffered, and thus should be reducefd] to $1,000.
This explanation is based entirely on the absence of evidence showing actual injury or damage. Such a focus ignores Poulston’s acknowledged right to recover compensatory damages absent any proof of injury or of the quantum of injury. “A plaintiff who proves the publication of words actionable per se is simply relieved of the necessity of proving the quantum of his damages for injury to reputation, humiliation, and embarrassment.” Great Coastal Express, 230 Va. at 152, 334 S.E.2d at 853.
The trial court’s explanation also ignores the longstanding principle that, even in the absence of any evidence of pecuniary loss, the damages which the injured party is entitled to recover may be substantial. Slaughter, 198 Va. at 348, 94 S.E.2d at 266; Snyder v. Fatherly, 158 Va. 335, 351, 163 S.E. 358, 364 (1932); Williams Printing Co. v. Saunders, 113 Va. 156, 180, 73 S.E. 472, 478 (1912). This legal principle presuming injury to reputation, humiliation, and embarrassment, although not a factor “in evidence,” is relevant and'must be considered in any determination of damages based on defamation per se.
Furthermore, in considering the evidentiary record, the trial court was required, as are we, to consider the evidence in the light most favorable to Poulston, the party who received the jury verdict. Caldwell, 238 Va. at 155, 380 S.E.2d at 914. The trial court limited its review of reputation injury to testimony of those who were acquainted with Poulston. Poulston, however, testified *262 that he believed that injury to his reputation had occurred among those employees whom he did not know, or who did not know him personally. The publication of the remarks in public restaurants expanded the size of the class of persons who could have formed an opinion of Poulston based on those defamatory statements.
The evidence also showed that, prior to the publication of the defamatory statements, Poulston had an untarnished reputation. We have said that one with an unblemished reputation is entitled to more damages when subjected to defamatory statements than one whose reputation is “little hurt” by the statements. Stubbs v. Cowden, 179 Va. 190, 200, 18 S.E.2d 275, 280 (1942); Weatherford v. Birchett, 158 Va. 741, 747, 164 S.E. 535, 537 (1932). Additionally, the trial court did not consider evidence that DuPont made a permanent record of Rock’s allegations that Poulston was a thief and that such a record might affect Poulston in the future.
The trial court’s decision to reduce rather than eliminate the compensatory damage award does not reflect a reasonable consideration of the factors set out above. The amount chosen by the trial court, $1,000, as Poulston argues, is a nominal or trivial amount. Such an amount is inconsistent with the right to recover substantial damages which we have said attaches to injuries suffered from statements which are defamatory per se, Slaughter v. Valleydale Packers, Inc., 198 Va. at 347, 94 S.E.2d at 266, and the damages available to one enjoying a good reputation, e.g., Stubbs, 179 Va. at 200, 18 S.E.2d at 280.
Because the trial court failed to consider all the relevant factors necessary for a proper evaluation of the compensatory damages, we conclude that the trial court abused its discretion in determining that the jury verdict for $10,000 in compensatory damages was excessive and ordering a remittitur, reducing the recovery to $1,000.
II. Punitive Damages
Next, we address the issue of punitive damages. Recently, we set forth the applicable standard of appellate review in this type of case. In Williams v. Garraghty, 249 Va. 224, 455 S.E.2d 209, cert. denied, _ U.S. -, 116 S.Ct. 66 (1995), we rejected an invitation to rule that the standard should merely be whether the trial court abused its discretion. But see Bain v. Phillips, 217 Va. 387, 398, 228 S.E.2d 576, 584 (1976). Instead, we *263 held that in reviewing the order of a trial court imposing or refusing to impose a remittitur of punitive damages in a defamation action, “we shall make an independent examination of the entire record to determine whether the trial court acted properly. In doing so, we will give substantial weight to the trial court’s action and affirm it, unless, from our view of the record, the trial court acted improperly.” Williams, 249 Va. at 237, 455 S.E.2d at 217.
Our independent review of the award of punitive damages leads us to conclude that the award should not have been set aside.[3] The trial court concluded that the jury award of $25,000 in punitive damages was excessive and ordered a remittitur “based both on the lack of evidence of real damage suffered and the reduction in the [a] mount of the compensatory award.” In light of our discussion and disposition of compensatory damages, we cannot ascribe substantial weight to the trial court’s action in our review in this case.
It is uncontroverted that Rock was out to “get” Poulston and sought to accomplish this end by interfering with Poulston’s employment and reputation. Rock reiterated the defamatory statements in the workplace and in public places, further injuring Poulston’s reputation. Such actions unquestionably fall within the category of malice and support the jury award of punitive damages.
Review of the amount of punitive damages includes consideration of reasonableness between the damages sustained and the amount of the award and the measurement of punishment required, The Gazette, Inc. v. Harris, 229 Va. 1, 51, 325 S.E.2d 713, 746, cert. denied, 472 U.S. 1032 (1985), whether the award will amount to a double recovery, Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 113, 413 S.E.2d 611, 621 (1992), the proportionality between the compensatory and punitive damages, and the ability of the defendant to pay, Stubbs, 179 Va. at 200-01, 18 S.E.2d at 280.
Double recovery is not an issue in this case. The relationship between $10,000 compensatory and $25,000 punitive damages is not unreasonable or strikingly out of proportion. The record reflects that Rock has assets totaling approximately $186,000, with a monthly income of about $2,100. Payment of a $25,000 *264 punitive damage award, approximately 13% of Rock’s assets, does not present an undue burden.
As discussed previously, the evidence of actual damages sustained must be accompanied by the presumption of actual injury to reputation, embarrassment, and humiliation in these types of cases. Indeed, punitive damages can be awarded in defamation per se cases even in the absence of any award of compensatory damages. Newspaper Publishing Co. v. Burke, 216 Va. 800, 805, 224 S.E.2d 132, 136 (1976). Therefore, we cannot say that the punitive damage award is unreasonable on this basis.
Finally, we cannot say that a punitive damage award of $25,000 is an inappropriate punishment for Rock’s egregious conduct, particularly conduct which was undertaken in direct response to Poulston’s attempt to utilize the legal system to collect a debt. Such an award also serves a deterrent effect, notifying others who would try to harm an individual’s personal or professional reputation solely because that person had invoked the assistance of the legal system.
Accordingly, we will reverse that portion of the trial court’s judgment setting aside the jury verdict for compensatory and punitive damages and ordering a remittitur, and we will reinstate the jury verdict.

Reversed and final judgment.

 Code § 8.01-383.1(A) states:
In any action at law in which the trial court shall require a plaintiff to remit a part of his recovery, as ascertained by the verdict of a jury, or else submit to a new trial, such plaintiff may remit and accept judgment of the court thereon for the reduced sum under protest, but, notwithstanding such remittitur and acceptance, if under protest, the judgment of the court in requiring him to remit may be reviewed by the Supreme Court upon an appeal awarded the plaintiff as in other actions at law; and in any such case in which an appeal is awarded the defendant, the judgment of the court in requiring such remittitur may be the subject of review by the Supreme Court, regardless of the amount.

 We reject Poulston’s argument that our review of the trial court’s exercise of discretion is limited to review of the amount of the remittitur only. Nothing in Bassett or the subsequent cases applying the principles established in Bassett indicate such a limited review. The Court in Bassett carefully reviewed the grounds on which the trial judge concluded *260 that the jury verdict was excessive, and the holding in the case specifically addresses both the determination that the verdict was excessive and the amount of the remittitur: “we cannot say that the trial court erred in finding the jury’s award excessive or that the recovery after remittitur bears no reasonable relation to the damages disclosed by the evidence.” Id. at 913, 224 S.E.2d at 333. Furthermore, Poulston’s reading of Bassett places beyond appellate review the trial court’s initial determination that the verdict was excessive. This position ignores the requirement that the verdict be set aside only if it was the result of passion, prejudice, corruption, a misunderstanding of the facts or law, or not a product of fair and impartial decision making because it is so out of proportion to the injuries suffered.

 There has been no challenge to the award of punitive damages as violative of any due process rights and our independent review is not based on constitutional considerations.