**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONNA HOFFMAN,
Plaintiff-Appellee,

v.                                                                    No. 98-2278

WAL-MART STORES, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-97-1023-2)

Argued: June 11, 1999

Decided: September 13, 1999

Before WIDENER, NIEMEYER, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Willard Walker, MORRIS & MORRIS, Rich-
mond, Virginia, for Appellant. Frederick MacDonald Quayle, Chesa-
peake, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

This appeal challenges as excessive a $75,000 jury verdict in a slip and fall case. Because, under applicable Virginia law, the award is not so excessive as to "shock the conscience" in the context of the evidence presented, we affirm.

On October 7, 1995, Donna Hoffman, who was shopping at a Wal-Mart Store in Chesapeake, Virginia, slipped in a puddle of water and fell to the floor. A puddle had formed on the floor near the cash registers from water dripping off of wet pallets. A witness testified that Hoffman "hit the floor pretty hard." The witness testified further that Hoffman had a cut on her eye, a cut on her knee, and "she was holding her arm because I know that was hurt."

At the trial of Hoffman's negligence claim, Wal-Mart conceded that it had failed to take proper precautions to prevent the puddle from forming and was "totally liable for the accident." It only contested damages; Hoffman had demanded $100,000.

To present evidence regarding her injuries, Hoffman presented the testimony of Dr. David Pitrolo, the emergency room physician who had examined her immediately after the accident. Dr. Pitrolo testified that Hoffman complained of pain in her left shoulder, hip, knee, and ankle after the fall. After x-rays showed no broken bones, Dr. Pitrolo wrapped Hoffman's knee in a bandage, gave her a tetanus shot for the abrasion on her knee, and discharged her with instructions to take painkillers and to schedule a follow-up examination with her primary care physician.

Testifying about her own injuries, Hoffman stated that although she was able to return to her job a week after the accident, she continued to experience pain and discomfort. She also testified that when the pain did not dissipate, she tried various forms of medical intervention. She took a series of tests, which she failed, at an orthopedic clinic upon referral from her internist; she went to pool therapy three times a week; she saw a neurologist who performed endurance tests; she

2

underwent physical therapy; and she saw a chiropractor. Hoffman testified that before the accident, she had no trouble ascending and descending stairs and that she had been physically active. After the accident, however, Hoffman testified that she had difficulty climbing up and down stairs and that she needed a cane to walk because her left leg would give out, and that she could no longer lift her grandson. She testified also that she was frequently in pain.

Hoffman introduced into evidence the bill from the emergency room and the bill from her orthopedists whom she saw two months after the injury. Because she did not present testimony from her other physicians and her chiropractor, however, she was not allowed to testify to what those physicians told her about the injury and what they prescribed. She also was not allowed to include their medical bills.

Wal-Mart did not seek an independent medical examination of Hoffman and did not introduce any medical evidence.

After deliberating two hours, the jury returned a verdict in favor of Hoffman for $75,000. When Wal-Mart moved to set aside the verdict as excessive, the district court concluded that the"plaintiff presented evidence from which a reasonable jury could have inferred that she suffered a number of severe or long lasting ailments and physical limitations as a result of her fall" and that "[w]eighing the plaintiff's testimony of continuing pain and serious limitations in her daily activities, the jury could have properly concluded that $75,000 was a reasonable amount to compensate Hoffman for her injuries." This appeal followed.

On appeal, Wal-Mart argues that the jury's verdict was excessive and that the district court erred in permitting Hoffman to testify to treatments she received without corroborating medical testimony. We review the district court's denial of Wal-Mart's motion for remittur or for a new trial for abuse of discretion, "giving `the benefit of every doubt to the judgment of the trial judge.'" Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 280 (4th Cir. 1999) (quoting Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 438-39 (1996)). Similarly, we review its rulings on evidence for abuse of discretion.

In reviewing a verdict in a diversity case for excessiveness, the district court correctly chose to apply Virginia law. See Gasperini, 518

3

U.S. at 437. In Virginia, the standard for reviewing the excessiveness of a jury verdict is whether the verdict "shocks the conscience." See, e.g., Downer v. CSX Transp., Inc., 507 S.E.2d 612, 614 (Va. 1998) ("We have repeatedly held that a jury's award of damages may not be set aside by a trial court as inadequate or excessive unless the damages are so excessive or so small as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion" (citations omitted)); Poulston v. Rock, 467 S.E.2d 479, 481-82 (Va. 1996); Hogan v. Carter, 310 S.E.2d 666, 672 (Va. 1983).

After reviewing the record, particularly the testimony relating to Hoffman's injuries, we cannot conclude that the district court abused its discretion in failing to set aside the verdict. Hoffman's uncontradicted testimony was that she continued to experience pain months after her fall and that her daily activities were significantly limited as compared to before the fall. For example, Hoffman testified that prior to the accident she had "always been active," jumping rope, walking regularly, climbing the stairs to and from her basement to do laundry. After the accident, however, she testified that she was "hurting," and that she had great difficulty mastering the basement stairs. She stated that she had to use a cane to walk and that she was unable to carry her grandson. While the jury's award was many times higher than the actual medical expenses introduced into evidence, we cannot conclude, in view of the overall description of her injuries, that the jury's verdict was so excessive as to "shock the conscience."

We also conclude that the district court did not abuse its discretion in permitting Hoffman to testify about her own injuries and the treatments performed on her. These are matters of her personal knowledge that do not require expert testimony. On Wal-Mart's objection, the court did, in the absence of testimony by doctors, exclude evidence about what the doctors told Hoffman, what they prescribed, as well as what they charged by way of medical bills.

The judgment of the district court is

AFFIRMED.

4