226

## CIRCUIT COURT OF ROCKINGHAM COUNTY

Racquel Ruffin

v.

Super Fresh Food Markets
of Virginia,
Joyce Shears,
and Angela Brewer

August 23, 2000

Case No. (Law) CL99-11606

BY JUDGE JOHN J. MCGRATH, JR.

This case is before this court on Plaintiff's motion for remittitur. The facts of this case are quite simple. On March 8, 1998, the Plaintiff, Racquel Ruffin, a local college student finishing her final year of school in this area, entered the Super Fresh Grocery Store on Carlton Avenue in Harrisonburg wearing baggy sweatpants, a hat, and a large coat. As she wandered around the store, apparently searching for various items, Plaintiff had neither a shopping cart nor a shopping basket, instead she elected to carry the items in her hands and wedged between her arm and the side of her body. As Plaintiff was shopping, Defendant, Angela Brewer, an off-duty Super Fresh cashier claims to have witnessed Plaintiff conceal an item under her shirt. Upon witnessing this, Brewer approached the on-duty store manager, Defendant, Joyce Shears and told her what she had seen. Shears told Brewer to follow Plaintiff and stop her to see if she had, in fact, concealed something under her clothes. Brewer subsequently approached Plaintiff as she stood in line at the checkout and asked her if she could search her. Plaintiff neither gave consent nor refused, so Brewer conducted a "pat down" of Plaintiff's clothing, feeling her "thighs, abdomen, and back." Finding nothing, Brewer mumbled "sorry" and walked away from Plaintiff. Plaintiff then put her items down and ran out of the store. Shortly after this incident, Ruffin, who was not originally from this area, and

only lived here to attend college, graduated from school and moved out of the area to take a teaching job in another part of the state.

Plaintiff has filed a motion for judgment alleging assault and battery and slander on the part of the three defendants. Plaintiff claims that the act of searching her constituted assault and battery and the statements made during this search and made subsequently to her father constitute slander. The claims against Defendant Shears were both dismissed after a motion to strike, and the case was sent to the jury on the claims against Super Fresh and Brewer. After deliberations, the jury found in favor of Plaintiff and awarded $10,000 compensatory damages against Brewer and Super Fresh and $60,000 punitive damages against only Super Fresh. The issue now before this court is whether to remit a portion of the damages.

Virginia Code § 8.01-383, along with § 8.01-383.1, allows for a court to require a plaintiff to remit a portion of the award or to submit to a new trial. *See LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 645 F. Supp. 612 (E.D. Va. 1986), modified on other grounds, 830 F.2d 522 (4th Cir. 1987), cert. denied, 484 U.S. 1065, 108 S. Ct. 1027, 98 L. Ed. 2d 991 (1988). When making such a determination, the trial court should look to the principles set forth in *Smithey v. Refining Co.*, 203 Va. 142, 146 (1961). Specifically:

> if it appears that the verdict is so excessive as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption, or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

*Id.*

In 1996, the Supreme Court reversed a trial court's remittitur of damages in a defamation case. *See Poulston v. Rock*, 251 Va. 254 (1996). *Poulston* involved an allegation of defamation that arose out of Defendant, Rock, allegedly telling Poulston's co-workers and various strangers that Poulston was a "liar and a thief." *Id.* at 257. The jury found for the Plaintiff and awarded him compensatory damages of $10,000 and punitive damages of $25,000; Rock moved to set aside the verdict, arguing that the damages were excessive. The trial court agreed and determined that the award was excessive; it reduced the compensatory damages to $1000 and the punitive damages to $2,500. *Id.*

The Supreme Court found that the trial court erred in remitting the damages. In its opinion, the Court stated that although the trial court acknowledged that the statements made by the Defendant were defamatory *per se* and that, under those circumstances, the plaintiff does not have to prove damages (they are presumed), the trial court still based its entire explanation of remittitur on the absence of any evidence showing actual injury or damage. *Id.* at 260-61. The Court also noted that the trial court ignored the "longstanding principle that, even in the absence of any evidence of pecuniary loss, the damages which the injured party is entitled to recover may be substantial." *Id.* at 261. Moreover, the Court stated that the evidence showed that the Plaintiff had an "untarnished" reputation before this incident. Citing previous cases, the Court stated that a plaintiff with an "untarnished reputation" is entitled to more damages when subjected to defamatory statements than one whose reputation is "little hurt" by the statements. *Id.* (citing *Stubbs v. Cowden*, 179 Va. 190, 200, 18 S.E.2d 275, 280 (1942); *Weatherford v. Birchett*, 158 Va. 741, 747, 164 S.E. 535, 537 (1932)). Finding that the trial court erred in reducing the compensatory damages, the court concluded that:

> the amount chosen by the trial court . . . is a nominal or trivial amount. Such an amount is inconsistent with the right to recover substantial damages which we have said attaches to injuries suffered from statements which are defamatory *per se*, *Slaughter v. Valleydale Packers, Inc.*, 198 Va. at 347, 94 S.E.2d at 266, and the damages available to one enjoying a good reputation, e.g., *Stubbs*, 179 Va. at 200, 18 S.E.2d at 280.

*Id.* at 262.

Similar to the *Poulston* case, in the case at hand, damages are presumed because the defamation is *per se*. Also similar to the *Poulston* case, the amount of the compensatory damages awarded is $10,000 the amount that the *Poulston* Court stated was *not unreasonable*. Moreover, the Plaintiff presented sufficient evidence to prove that her reputation before this incident was untarnished, as such, according to the Supreme Court, she is entitled to more damages than one whose reputation is "little hurt" by the statements. In light of the foregoing authority, and evidence submitted during the trial, this Court finds that the award of $10,000 compensatory damages is not unreasonable and therefore will enter judgment consistent with that given by the jury.

Turning now to the $60,000 award of punitive damages, it would appear that this award is not unreasonable either. Punitive damages, unlike

compensatory damages, are intended to "punish" the defendant, and not to compensate the Plaintiff for injuries. *Id.* at 263. In fact, the *Poulston* Court stated that review of punitive damages includes "consideration of reasonableness between the damages sustained and the amount of the award and the measurement of punishments required, whether the award will amount to a double recovery, the proportionality between the compensatory and punitive damages and the ability of the defendant to pay." *Id.* (citations omitted). In the case at hand, the only defendant against whom punitive damages were awarded is a large corporation. The jury could find that for an award to have any impact on such a defendant, it is necessary for it to be substantial. Noting that punitive damages can be awarded in defamation *per se* cases even in the absence of any award of compensatory damages, the *Poulston* court found that the $25,000 punitive damages awarded against an individual were not unreasonable. *Id.* In the case at hand, this Court finds that the $60,000 punitive damages award against the Super Fresh corporation is not excessive, and this Court does hereby enter judgment consistent with the verdict returned by the jury.

The clerk of the court is ordered to send certified copies of this opinion and order to Deborah S. Samley, Esq., Counsel for Plaintiff, and Temple W. Cabell, Esq., Counsel for Defendants.