## CIRCUIT COURT OF THE CITY OF NORFOLK

Lowell A. Stanley et al.

   v.

Storck et al.

Case No. (Law) 00-2534

BY JUDGE JOHN C. MORRISON, JR.

May 9, 2003

This matter comes before the Court on various motions by Counterclaim Defendants Lowell A. Stanley and Lowell A. Stanley, P.C. (hereinafter "Defendants"). The Court will address each motion individually.

*Motion in Limine*
*to Exclude Evidence of Punitive Damages*

Defendants move this Court to exclude evidence of punitive damages until Counterclaim Plaintiff Jessica Bellamy (hereinafter "Plaintiff") presents sufficient evidence to warrant the jury's consideration of punitive damages. Defendants have failed to provide any legal support for their motion.

The Supreme Court of Virginia has clearly held that an award of punitive damages must be supported by clear and convincing proof of knowledge of falsity or reckless disregard for the truth. *Fleming v. Moore*, 221 Va. 884, 893, 275 S.E.2d 632, 638 (1981). However, Plaintiff is entitled to present evidence of malice to a carefully instructed jury. *See id.*; *Ingles v. Dively*, 246 Va. 244, 253, 435 S.E.2d 641, 646 (1993); *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142, 152, 334 S.E.2d 846, 853 (1985). On appeal, the Supreme Court of Virginia will conduct an independent examination of the whole record to determine whether Plaintiff met that burden. *Ingles*, 246 Va. at 253, 435 S.E.2d at 646. In addition, the trial court

has discretion to review the jury verdict and order remittitur of all or part of a punitive damages award, which will also be subject to independent review by the Supreme Court of Virginia. *See Poulston v. Rock*, 251 Va. 254, 263, 467 S.E.2d 479, 484 (1996); *Williams v. Garraghty*, 249 Va. 224, 237, 455 S.E.2d 209, 217 (1995).

Given the strict standards governing the imposition of punitive damages in defamation cases, it is not necessary to prevent Plaintiff from discussing punitive damages until she has shown by clear and convincing evidence that Defendants acted with malice. Therefore, Defendant's Motion in Limine to Exclude Evidence of Punitive Damages is denied.

*Motion in Limine to Exclude Evidence*
*of Stanley's Lawsuit and Newspaper Article and Videotape*
*in Which Stanley Allegedly Made Defamatory Statements*

Defendants argue that because Plaintiff's defamation claim is based on statements contained in a newspaper article and a television news report, Plaintiff should have filed her claims against the newspaper and television station. This argument is without basis. Plaintiff is asserting that Lowell A. Stanley made the statements. In addition, the article and news broadcast are relevant evidence of the republication of the statements Defendants made to reporters. "It is well settled that the author or originator of a defamation is liable for republication or repetition thereof by third persons, provided it is the natural and probable consequence of his act." *Blue Ridge Bank v. Veribanc, Inc.*, 866 F.2d 681, 689 (1989). Therefore, Lowell A. Stanley and Lowell A. Stanley, P.C., are the appropriate parties.

Defendants have also alleged that the statements made to the reporter were privileged because they concerned a lawsuit. In support of this argument, Defendants cited *Pinnock v. Ratcliffe*, 149 Va. 618, 632-33 (1927). However, in *Pinnock*, the court discusses the privilege granted to statements made in a judicial tribunal. Statements about a lawsuit made outside of a judicial tribunal are not privileged. Defendant's motion is denied.

*Plea of Statute of Limitations*

Defendants assert that Plaintiff's Amended Counterclaim included allegedly defamatory statements that were not included in the original counterclaim and, therefore, violate the statute of limitations. Section 8.01-6.1 of the Code of Virginia provides:

Subject to any other applicable provisions of law, an amendment of a pleading changing or adding a claim or defense against a party relates back to the date of the original pleading for purposes of the statute of limitations if the court finds (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) the amending party was reasonably diligent in asserting the amended claim or defense, and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

Va. Code Ann. § 8.01-6.1 (2002). Defendants claim that Bellamy was not reasonably diligent in amending her counterclaim to include the exact words of Stanley's alleged defamation. (Def.'s Memo. in Supp. of Plea of Statute of Limitations, at 2.) Defendants claim that Plaintiff was apparently unaware of the controlling Virginia Supreme Court case that had held that a plaintiff asserting a claim for defamation must plead the exact words. *See Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215 (1939).

The Court finds that the new statements arose out of the same conduct set forth in the original pleading. In addition, while Plaintiff did not provide the exact words, the content of the statements was included in the original pleadings. Plaintiff could not have known the exact words spoken to the reporters until Plaintiff had taken their depositions. Defendant points out that there was a year between Plaintiff's taking their depositions and the amendment of the counterclaim. However, Defendant had notice of the content of the statements through the original pleadings and the deposition testimony. The Court finds that Plaintiff was diligent and denies Defendant's plea of the statute of limitations as to the added statements in the Amended Counterclaim.

## Demurrer

"The threshold issue, whether the complained of phrase including inferences fairly attributable to it could reasonably be interpreted as stating actual facts about [Plaintiff] and, therefore, be actionable defamation, is a matter of law to be resolved by the trial court." *Yeagle v. Collegiate Times*, 255 Va. 293, 297, 497 S.E.2d 136, 138 (1998). It is the duty of the Court, therefore, to determine whether Plaintiff has put forth statements that could reasonably amount to actionable defamation.

Defendants claim that the quoted statements are not defamatory as a matter of law. The basis for their claim is that the statements do not refer to Bellamy and were actually made about someone else. However, Plaintiff has alleged that the statements refer to her because they referred to all of the defendants in Stanley's lawsuit. This is sufficient to create a jury question on each of the quoted statements in the motion for judgment. Therefore, Defendant's demurrer is overruled as to these five quoted statements.

Defendants request a ruling from the Court that Plaintiff may only proceed on statements that the Plaintiff has set forth verbatim. (Memo. in Supp. of Dem., at 2.) These statements are: (1) "We are talking with the IRS;" (2) "They're aware of the thievery;" (3) He "did not know how much money the workers took but it is in the thousands of dollars not millions;" (4) "The police are investigating;" and (5) That "three former employees and their families stole tens of thousands of dollars from his firm." *Id.* at 2. The Court finds that each of these statements is sufficient to create a question for the jury. In order to proceed, Plaintiff must plead the exact word she claims that Defendant used. *See Birchfield*, 173 Va. at 215. Therefore, Plaintiff's defamation action is limited to these five statements. However, surrounding statements, the article, and the news broadcast are relevant and admissible evidence in this case.

## Conclusion

The Court denies Defendants' Motion in Limine to Exclude Evidence of Punitive Damages, Defendants' Motion in Limine to Exclude Evidence of Stanley's Lawsuit and Newspaper Article and Videotape in Which Stanley Allegedly Made Defamatory Statements, Defendants' Plea of the Statute of Limitations, and Defendants' Demurrer. The Court declines at this time to rule on Defendants' Motion for Costs.

## June 9, 2003

This matter comes before the Court on motions by Counterclaim Defendants Lowell A. Stanley and Lowell A. Stanley, P.C. Both motions involve the deposition testimony of Defendant Lowell A. Stanley. During the deposition of Lowell Stanley at the offices of Mr. Christian Connell, Mr. Connell made an audiotape of the oral testimony of Mr. Stanley. Defendants are objecting to the introduction of this audiotape during the trial of this matter. After thorough consideration of the arguments of the parties and the applicable rules and statutory sections, it is the finding of this Court that the audiotape of the deposition of

Mr. Stanley is admissible "for any purpose and under any circumstances in which stenographic deposition may be used." Va. Sup. Ct. R. 4:7A (2003).

In addition, Defendants object to the introduction of any of the testimony found on pages 39 through 105 of the transcript of the deposition because it is not relevant to Bellamy's counterclaim. Defendants assert that the topics covered in that section of the deposition are relevant only to the underlying lawsuit by Defendants against Plaintiff Bellamy. In addition, Defendant asserts that the testimony is privileged and cannot be the subject of a defamation claim because it was given within a judicial proceeding. However, the deposition testimony is not the subject of any defamation action. Therefore, the privilege does not apply in this case. The Court declines to rule on the relevancy of pages 39-105 of the transcript before it is offered into evidence.