# CIRCUIT COURT OF ROCKINGHAM COUNTY

Joseph Showker
and Christen Showker,
by her parent and next friend,
Joseph Showker

v.

Karl Ellis Kratzer

February 19, 2009

Case No. CL07-000878

BY JUDGE JAMES V. LANE

This matter is before the Court on post-trial motions by Cincinnati Insurance Companies (CIC) and the Defendant to set aside the compensatory and punitive damages awarded at the conclusion of the jury trial in this case, to order remittitur of the compensatory and punitive damages, and to order a new trial on the matter. The Court is in receipt of CIC and Defendant's memoranda in support of these post-trial motions and of Plaintiff's memorandum in opposition to the motions. Argument was heard on February 3, 2009, and the Court took the matter under advisement.

During the trial phase, the jury heard evidence that plaintiff had incurred expenses in treating her injuries resulting from an automobile accident that totaled $765 and also heard evidence that future chiropractic treatment, for a period of one year, was reasonable and necessary to treat a scoliosis condition that had been worsened and exacerbated as a result of the traffic accident. Evidence was presented that a year of such chiropractic

treatment would cost $10,000. Based on these amounts, the jury awarded compensatory damages in the amount of $80,000 and punitive damages in the amount of $200,000. Defendant argues, in part, that the year-long period of chiropractic treatment was neither reasonable nor necessary and that any calculations by the jury in arriving at compensatory and punitive damages should have excluded that $10,000 amount.

Virginia Code § 8.01-383 gives the Court the authority to order a new trial if damages awarded by the jury are deemed excessive, and Virginia Code § 8.01-383.1 gives the Court authority to order remittitur or a new trial upon finding a jury award to be excessive. The Supreme Court of Virginia addresses the test for excessive jury verdicts in *Smithey v. Sinclair Oil Refining Co.*, 203 Va. 142 (1961), stating that a jury award should be set aside if:

> 1. The verdict is so excessive as to shock the conscience of the court and to create the impression that the jury was influenced by passion, corruption, or prejudice; or
> 2. The verdict is so out of proportion to the injuries suffered as to suggest:
>> a. The jury had a mistaken view of the merits of the case; or
>> b. The jury misconceived or misinterpreted the facts or law; or
>> c. The jury misconceived the seriousness of the plaintiff's injuries; or
>> d. The decision was not fair and impartial.

The trial court is required to consider the evidence in the light most favorable to the party that received the jury verdict when making a decision based on the *Smithey* test. If there is evidence that would, when viewed in that light, sustain the jury verdict, then remitting the verdict is error. *Shepard v. Capitol Foundry*, 262 Va. 715 (2001). The Virginia Supreme Court also said, in *Richardson v. Braxton-Bailey*, 257 Va. 61 (1999), that the amount of a verdict is within the jury's discretion, that it is inviolate when it is arrived at upon competent and proper instructions, and that all reasonable inferences must be drawn in favor of the verdict rendered when evaluating the appropriateness of the amount of a jury verdict.

## Compensatory Damages

There is no fixed or mathematical rule by which compensatory damages are measured. Within reason, this element is within the judgment and discretion of the jury, unless such an award is found to be excessive under the *Smithey* test. In estimating damages, the jury may consider lost income, physical pain and suffering, mental anguish, aggravation of a previous condition, and medical or "special" damages. Future medical expenses may also be recovered provided that there is evidence that such charges will be incurred.

The jury heard the testimony of chiropractor Dr. Sizemore that plaintiff's scoliosis was worsened by the accident and that one year of chiropractic treatment would be reasonable to treat the worsening of the condition. Dr. Sizemore testified that the treatment likely "would not do any good" ultimately and that surgery would be required to correct the condition once and for all. Dr. Sizemore testified that a year of such treatment would cost $10,000. Defendant did not object to Dr. Sizemore's testimony, and that testimony was also unrefuted by Defendant's own expert witness Dr. Walker. Thus the expert opinion as to the necessity and reasonableness of the additional treatment became a fact for the jury to weigh and consider in coming to their conclusions on damages. Plaintiff had visited Dr. Sizemore over 100 times in the past, but had sought no additional treatment for nearly two years after November of 2006 while this case was progressing. The jury was free to consider all the relevant testimony and decide the likelihood of Plaintiff actually incurring those future medical damages.

The Virginia Supreme Court has said that a jury award for compensatory damages exactly equal to the amount of the plaintiff's medical and other special damages is inadequate as a matter of law even if those elements are in controversy. *Bowers v. Sprouse*, 254 Va. 428 (1997). The amount by which a compensatory award may exceed, then, a plaintiff's medical or special damages is an issue that has been ruled on by Virginia courts over the years on a case by case basis as the facts and evidence of each case dictate. Special damages in this case totaled nearly $11,000 and the compensatory award was $80,000, or approximately 7.3 times the special damages. Several cases have been cited by Defendant to support the assertion that this multiplier is excessive and leads to an amount that shocks the conscience.

Plaintiff, however, cites the Virginia Supreme Court case of *Crane v. Jones*, 274 Va. 581 (2007), for the proposition that the "average verdict rule" or comparative analysis of jury awards in other cases is not an appropriate metric in an analysis of excessiveness. Nevertheless, in *Crane*, a verdict more

than 25 times the amount of special damages was upheld, and, in *Kory v. McCluney*, 59 Va. Cir. 74 (2002), the Circuit Court determined that a verdict of 52 times special damages was not excessive. The *Crane* and *Kory* cases both cite additional factors, such as pain and suffering and mental anguish, that could allow a jury to properly conclude that the compensatory awards would be reasonable measures of the significant harms suffered and that such awards would not shock the conscience. In the instant case, the compensatory award, considered in the light most favorable to the jury verdict, is not even eight times the special damages. Additional evidence of plaintiff's mental anguish was properly before the jury and was another reasonable factor to include in placing a dollar value on plaintiff's total harm suffered.

## Punitive Damages

Like compensatory damages, there is no fixed standard for the measurement of punitive damages in Virginia and such determination is left to the discretion of the jury. The 2007 Virginia Supreme Court case *Baldwin v. McConnell*, 273 Va. 650 (2007), discussed the elements to be considered when deciding a motion for remittitur on punitive damages, and the Court will address them in turn.

### 1. *Consideration of the Reasonableness between Damages Sustained and the Amount of the Award*

The issue of reasonableness as to the jury's determination of damages has been discussed above.

### 2. *The Measure of Punishment Required*

The *Baldwin* decision considered evidence of actual malice or willful and wanton behavior by the defendant and whether punishment was required for such behavior and would serve as a deterrent against similar behavior in the future. In the present case, the Defendant had been convicted multiple times of driving under the influence and had a blood-alcohol concentration of 0.32% at the time that he crashed his automobile head-on into the Plaintiff's car at 55 m.p.h. Defendant has shown little remorse for the consequences of his actions and no interest in rehabilitating himself, or treating or abating his alcoholic behavior whatsoever. The jury was free to conclude that a severe punishment was appropriate under the facts of the case.

### 3. *Whether the Award Will Amount to a Double Recovery*

The jury heard evidence of Plaintiff's worsened scoliosis condition, past and future medical damages, and mental pain and anguish resulting from the automobile accident. This evidence was sufficient for the jury to find compensatory damages totaling nearly $80,000. In light of this, the punitive damages do not amount to a double recovery. They are more properly understood to be additional and justified punishment of the Defendant based upon the facts of this case.

### 4. *The Proportionality between the Compensatory and Punitive Damages*

The punitive damages are approximately 2.5 times the compensatory award in this case. In *Kory*, the Court affirmed a punitive award that was 2.5 times the compensatory award and cited the 1996 Supreme Court of Virginia case *Poulston v. Rock*, 251 Va. 254 (1996), which also approved the 2.5 multiplier as not being excessive. The United States Supreme Court addressed punitive damage amounts in *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), saying that punitive damages more than 2 and less than 10 times compensatory awards were consistent with longstanding historical practices and more likely to comport with due process standards than amounts reached by using larger multipliers.

Based on the state and federal case law, the punitive damages awarded in this case appear to be proportional to the compensatory award and do not shock the conscience of the Court as being excessive.

### 5. *The Ability of the Defendant To Pay*

In general, punitive damages should be sufficient to punish and deter a defendant but should not be so high as to destroy him financially. *See Poulston* at 264. Therefore, punitive damages must be tailored with the net worth and unique financial status of each defendant in mind to best achieve the desired pecuniary effect. The court has an affirmative duty to review the punitive awards in light of each Defendant's ability to pay as determined by his current financial worth, measured as salary plus assets. The burden of proving financial worth is on the Defendant, and the lack of evidence regarding Defendant's net worth will not defeat a punitive award. The Defendant has the greatest access to his financial information and any lack of evidence regarding Defendant's financial worth or hardships is solely the fault of the Defendant and will not serve to reduce the punitive awards. *See Kory v. McCluney.*

In the present case, Defendant only presented evidence of his current salary of $32,864 with no additional evidence of his net worth. Therefore, though additional assets and liabilities may exist, that evidence was not before the jury to consider in determining the Defendant's ability to pay. The punitive award strikes the court as a significant punishment but not one that will lead necessarily to the Defendant's financial ruin, especially absent evidence to the contrary.

## Conclusion

The Court finds that the jury was properly instructed at the conclusion of the trial and was entitled to determine the weight to be given properly admitted evidence. Such evidence includes the testimony of Dr. Sizemore (especially as this expert testimony was not objected to and stood unrefuted) and evidence of Plaintiff's mental and psychological damages suffered as a result of Defendant's actions. The compensatory award does not shock the conscience of the Court for excessiveness and does not warrant remittitur, irrespective of whether the Court itself would have awarded such a large verdict had it been a member of this jury. *Edmiston v. Kupsenel,* 205 Va. 198 (1964). The Court finds that a jury could reasonable arrive at this conclusion absent passion or corruption and with an accurate understanding of the issues of fact and law before it.

Likewise, the Court will not set aside or order remittitur of the punitive damages awarded. A punitive award that is 2.5 times compensatory damages does not shock the conscience of the Court and similar awards have been decided and upheld in federal and state courts based upon a similar degree of proportionality between compensatory and punitive damages. As to the Defendant's ability to pay, absent any additional evidence of a low net worth, the Court finds the punitive amount to be punishing but not ruinous to the Defendant and will not set aside or order remittitur of the punitive award based on this issue.