## CIRCUIT COURT OF PRINCE GEORGE COUNTY

Crystal Lunt
and Kevin P. Roscher, Sr.

v.

Prince George
Cemetery Corporation,
t/a Southlawn Memorial Park
and Mausoleum

January 7, 2014

Case No. 149CL12000879-00

BY JUDGE W. ALLAN SHARRETT

The issue before this Court is whether or not Defendant's objection to Plaintiff's Interrogatory No. 14 is proper. More specifically, this Court will look at whether or not the net worth of the Defendant, Prince George Cemetery Corporation, t/a Southlawn Memorial Park and Mausoleum, is relevant and discoverable based on the allegations and Plaintiff's request for punitive damages.

Defendant Southlawn Memorial Park and Mausoleum objects to Interrogatory No. 14 propounded by Plaintiffs Crystal Lunt and Kevin P. Roscher. Interrogatory No. 14 requests as follows:

> For each cemetery, mausoleum, and any and all other property (real, as well as personal) that is owned by the defendant, Prince George Cemetery Corporation, t/a Southlawn Memorial Park and Mausoleum, please provide the following:
>
> (a) the name, address, and location of any and all cemeteries and mausoleums, as well as any and all real estate owned by the defendant;
>
> (b) the gross value of those items mentioned in (a) above;
>
> (c) the net value of those items mentioned in (a) above; and

(d) the identification and net value of all personal property owned by the defendant.

Plaintiffs have argued that they should be entitled to receive information regarding the net worth of the Defendant because they have asserted a claim for punitive damages.

Southlawn has timely objected to Interrogatory No. 14 on the grounds that, among other things, it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Plaintiffs' counsel has argued that, under the law of punitive damages, one of the things Plaintiffs have to prove is the net worth of the Defendant.

"The purpose of punitive damages is to punish the wrongdoer and warn others." *Flippo v. CSC Associates III, L.L.C.*, 262 Va. 48, 58, 547 S.E.2d 216, 222 (2001). Further, "[e]vidence of a party's net worth is admissible because it is material to this purpose and is relevant to a determination of the size of the award and whether it is so large as to be destructive." *Id.* (citation omitted). The *Flippo* court explained, that, "[w]hile evidence of net worth is relevant, the appropriate amount of a punitive damage award can be established by other evidence, and the lack of evidence of the wrongdoer's net worth does not of itself defeat the punitive damage award." *Id.*

Furthermore, "punitive damages should be sufficient to punish and deter a defendant but should not be so high as to destroy him financially." *Showaker v. Kratzer*, 77 Va. Cir. 389, 393 (2009). Moreover, "punitive damages must be tailored with the net worth and unique financial status of each defendant in mind to best achieve the desired pecuniary effect." *Id.* The Circuit Court of Rockingham County further states that the burden of proving financial worth is on the Defendant. *Id.* The circuit court reasoned that "[t]he Defendant has the greatest access to his financial information and any lack of evidence regarding Defendant's financial worth or hardships is solely the fault of the Defendant and will not serve to reduce the punitive awards." *Id.*

It is not clear under Virginia case law which party bears the evidentiary burden of production of the defendant's financial worth in assessing punitive damages. *Kory v. McCluney*, 59 Va. Cir. 74, 83 (2002). Thus, Virginia circuit courts have been guided by case law from the United States Court of Appeals for the Fourth Circuit. *See Kory*, 59 Va. Cir. at 83; *Markowitz v. Remax Preferred Props.*, 42 Va. Cir. 292, 303 (1997). These courts noted the persuasive logic of the Court of Appeals that, with respect to federal Rule 11 sanctions:

> Rule 11 sanctions are analogous to punitive damages. . . . Inability to pay what the court would otherwise regard as an appropriate sanction should be treated as reasonably akin to an affirmative defense, with the burden of the parties being

sanctioned to come forward with evidence of their financial status.

*Kunstler v. Britt*, 914 F.2d 505, 524 (4th Cir. 1990).

The *Markowitz* court further reasoned that, "[a]bsent a rule that requires defendants to come forward with evidence of their financial status during trial, defendants would be free to exercise the strategically logical choice of abstaining from introducing such evidence and then challenging the propriety of any substantial award post-verdict." *Markowitz*, 42 Va. Cir. at 303-04. The *Kory* court agreed that "[t]he burden of proving financial worth is on the Defendants, and the lack of evidence regarding Defendants' net worth will not defeat a punitive award." *Kory*, 59 Va. Cir. at 84.

In closing, following Virginia and the Court of Appeals for the Fourth Circuit's persuasive jurisprudence, evidence of the Defendant's net worth is relevant, but not discoverable based on the allegations and Plaintiff's request for punitive damages. This Court rules that evidence of net worth is a mitigating factor to a punitive damages claim, and it is the Defendant's burden to proffer this evidence.

Based on the reasons stated herein, the Court denies Plaintiffs' request to compel Southlawn to respond further to Interrogatory No. 14.