## ROSIE KHATCHI

### V.

## LANDMARK RESTAURANT ASSOCIATES, INC.

Record No. 860233

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Edmund L. Walton, Jr. (Michael J. Holleran; Walton & Adams, P.C.*, on briefs), for appellant.

*Philip J. Walsh (Charles J. O'Hara; Bromley, Brown & Walsh*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This appeal turns upon Code § 8.01-329(A1), which prescribes the affidavit requisite for long-arm service of process.

In 1982, Rosie Khatchi and her husband owned a building at 4111 Duke Street, in Alexandria. They leased the property to three individuals who were principals in Landmark Restaurant Associates, Inc., a Virginia corporation. The corporation operated a restaurant business in the building.

In November 1983, Mrs. Khatchi (the plaintiff) filed a motion for judgment against the corporation (the defendant), alleging that on March 10, 1982, as a patron of the restaurant, she had tripped on a projecting metal strip, fallen, and sustained injuries. The caption of the motion for judgment contained the words

"SERVE: William L. Roberts
Registered Agent
4111 Duke Street
Alexandria, Virginia 22304."

A deputy sheriff filed a "not found" return on November 9, 1983, to which was appended a note to the effect that the premises were closed for remodeling. On December 1, 1983, D. Brian Costello, the plaintiff's attorney, filed an affidavit to the effect that the "last known address of the registered agent" was at 4111 Duke Street, Alexandria, and that "after due diligence the petitioner in this cause has been unable to obtain service against the above named defendant." The affidavit was subscribed and sworn to by Mr. Costello, not by the plaintiff.

Counsel thereafter arranged for service of process upon the Secretary of the Commonwealth pursuant to the long-arm statute. Such service was made by the Sheriff of the City of Richmond on December 12, 1983, pursuant to Code § 8.01-329(B). On January 11, 1984, counsel for the plaintiff secured entry of an order awarding judgment by default and continuing the case for *ex parte* determination of damages by a jury. On February 6, 1984, a jury heard evidence *ex parte* and fixed the plaintiff's damages at $283,000.00. The court entered an order of judgment on the verdict.

On March 21, 1984, the defendant appeared by counsel and moved the court to vacate the default judgment, alleging that service of process was invalid and that the default had been procured by fraud. The court heard evidence on the motion and, by letter opinion, ruled that the affidavit for long-arm service had been defective. Consequently, the court did not reach the defendant's allegations of fraud.

The court entered an order vacating the default judgment and continuing the case for jury trial on the merits. The case was tried to a jury in September 1985, resulting in a verdict for the defendant. We awarded the plaintiff an appeal from a final order of judgment on this second verdict. The sole issue on appeal is whether the court was warranted in setting aside the default judg-

ment on the ground of invalid service of process.[1] The plaintiff assigned no error with regard to the second trial.

On appeal, as in the trial court, the defendant contends that the long-arm statute was designed to subject nonresidents, individuals who cannot be located, and foreign corporations to personal jurisdiction in a proper case, but that it was never intended to supplant Code § 8.01-299 as the method for obtaining service upon a domestic corporation. The trial court found it unnecessary to decide this question because the court determined that the plaintiff had not followed the steps prerequisite to obtaining long-arm jurisdiction even if the long-arm statute were applicable.

■ We agree with the trial court's analysis. If we assume, without deciding, that the plaintiff was entitled to invoke long-arm jurisdiction over a domestic corporation, she nevertheless failed to do so. Code § 8.01-329(A1) provides that a party seeking to acquire long-arm jurisdiction through service upon the Secretary of the Commonwealth "shall file an affidavit with the court, stating either (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service *has been unable to locate the person to be served*" (emphasis added). The affidavit filed by plaintiff's counsel stated neither of these alternatives, but instead stated that "petitioner in this cause has been *unable to obtain service* against the above named defendant" (emphasis added).

■ Where a defendant has received personal service of process, irregularity will not defeat the court's jurisdiction, but if a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void. *Crockett* v. *Etter*, 105 Va. 679, 681, 54 S.E. 864, 865 (1906); *Staunton Perpetual B.& L. Co.* v. *Haden*, 92 Va. 201, 204, 23 S.E. 285, 286 (1895). Under the facts of this case, the difference between the affidavit filed and the statutory requirement was significant.

■ At the time the suit was filed and service upon the registered agent was attempted, the restaurant in the building the plaintiff owned was closed for remodeling. The address of the restaurant was the registered office of the defendant corporation. The plaintiff's husband admitted that he knew the residence address of

---

[1] The court acted pursuant to Code § 8.01-428(A), which authorizes the court to set aside a default judgment "upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction."

the registered agent, who was a principal in the defendant corporation, and that he also knew where other officers and directors lived. Therefore, service could readily have been obtained under Code § 8.01-299. There is no evidence that plaintiff's counsel had this information, but there existed a substantial basis for the conclusion that the plaintiff herself could probably not have given an affidavit that she was "unable to locate" the person to be served, as required by the long-arm statute. The affidavit given by her counsel fell significantly short of the mark.[2]

Assuming the applicability of the long-arm statute, we think the affidavit given in support of long-arm service was insufficient. The only service of process purportedly made upon the defendant was invalid and the default judgment was void. The trial court, therefore, correctly vacated the default judgment and set the case down for a new trial. Accordingly, the judgment will be

*Affirmed.*

---

[2] The trial court, citing *Luke* v. *Dalow Industries, Inc.*, 566 F. Supp. 1470 (E.D. Va. 1983), noted that the statute did not seek the knowledge of plaintiff's counsel, but sought the knowledge of the plaintiff personally. The two could be, and in this case might well have been, quite different. In 1987, the General Assembly amended Code § 8.01-329(A1) to provide that the requisite affidavit may be filed by "the party or his agent or attorney." Acts 1987, cc. 449 and 459.