## CIRCUIT COURT OF FAIRFAX COUNTY

Anzueto

v.

Boterweg

April 13, 1989

Case No. (Law) 82719

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court on Defendant's Motion to Vacate the Default Judgment, Set Aside Default, and Quash Service of Process. For the following reasons, the Motion is granted and the Default Judgment set aside.

Service of Process in this case was obtained by substituted service on the Secretary of the Commonwealth pursuant to Virginia Code § 8.01-329. Plaintiff filed an affidavit with the Court stating (1) the Defendant's last known address, (2) that his present address is unknown, (3) that after due diligence Plaintiff had been unable to obtain service by the Sheriff, and (4) that the Defendant was involved in an automobile accident while operating a motor vehicle in Fairfax County.

It is the opinion of this Court that the affidavit filed in this case is not in compliance with the requirements of § 8.01-329. Service was therefore invalid.

Section 8.01-329 requires that the party seeking service state that process has been delivered to the sheriff (or to a disinterested person under § 8.01-293) and, if the sheriff or disinterested person was unable to execute such service, then the party seeking service made a bona fide attempt to determine the actual location of the person to be served. To state that the Defendant's address is unknown and that the sheriff was unable to

obtain service is not the same as stating a bona fide attempt was made by the Plaintiff to locate the Defendant as required by statute.

This Court is guided by the decision of the Virginia Supreme Court in *Khatchi v. Landmark Restaurant Associates*, 237 Va. 139 (1989), which states that where a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void.