## CIRCUIT COURT OF LOUDOUN COUNTY

Michael J. Carson

 v.

Systems Management
ARTS et al.

January 17, 2002

Case No. (Law) 25089

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Plaintiff's Motion for Default Judgment filed October 26, 2001. The Court heard argument of counsel on the motion on January 4, 2002, and has considered the Opposition of the Defendant, Systems Management ARTS (SMARTS), to Plaintiff's Motion for Default Judgment filed November 7, 2001, and the Response in Opposition to Defendant's Opposition to Plaintiff's Motion for Default Judgment filed January 2, 2002.

For the reasons hereinafter stated, the Motion for Default Judgment is granted but only to the extent that the Plaintiff is granted a judgment against the Defendant SMARTS. Damages, if any, must be determined in a later proceeding.

Initially, I must note that SMARTS has not filed a motion to quash the service of process, but has merely appeared to oppose the Plaintiff's Motion for Default Judgment. Further, SMARTS opposes the motion on only two grounds:

(1) The Plaintiff's Motion for Default Judgment should be denied "because the Motion for Judgment was not served on defendant;" and

(2) Granting the Motion for Default Judgment "is inappropriate because the Motion for Judgment fails to state a cause of action." See its Opposition.

These are the only two grounds considered by the Court. Each is addressed below.

## I. *The Assertion That the Motion for Judgment Was Not Served on Defendant SMARTS*

The Motion for Judgment alleges that SMARTS, a Delaware corporation, conducted business in Virginia. The allegation is sufficient to invoke personal jurisdiction over SMARTS under the Virginia Long Arm Statute, Va. Code § 8.01-328 *et seq.* SMARTS is "transacting any business in this Commonwealth" under Va. Code § 8.01-328.1(A)(1).

The Plaintiff properly elected to serve SMARTS, a foreign corporation, under the Long Arm Statute through the Secretary of the Commonwealth. The Affidavit for Service of Process on the Secretary of the Commonwealth and the Certificate of Compliance by the Secretary of the Commonwealth were filed in the Clerk's Office of this Court. The latter was filed on August 31, 2001. Under Va. Code § 8.01-329(C) service of process is effective when the certificate of compliance is filed with this Court.

SMARTS asserts that it questioned employees who receive and handle the mail at its New York office and none have any recollection of receiving the Motion for Judgment or of signing and returning a return receipt. The Plaintiff filed with his Motion for Default Judgment a copy of a return receipt signed by "R. Combs" on September 4, 2001, for certified mail addressed to SMARTS at the same address as shown in the caption of the Motion for Judgment and in the Affidavit for Service of Process on the Secretary of the Commonwealth. SMARTS does not assert that the address is wrong or that "R. Combs" is not an employee of SMARTS.

SMARTS' assertions are immaterial because there is no requirement that a defendant served under the Long Arm Statute have actual notice of the litigation. If all the requirements of Va. Code § 8.01-328.1 are fully met, then service is complete even though the defendant may not have actual knowledge or notice of the litigation. *Basile v. American Filter Service, Inc.*, 231 Va. 34, 38, 340 S.E.2d 800 (1986).

In the caption of the Motion for Judgment after the name and address of SMARTS, the Plaintiff inserted "Serve: CEO." SMARTS asserts that its CEO (Chief Executive Officer) was not served and never received the Motion for

Judgment. This is immaterial. Va. Code § 8.01-329 does not provide for service on a specified officer or agent when a foreign corporation is served under the Long Arm Statute. The affidavit for service through the Secretary of the Commonwealth need state only the name of the corporation to be served and its last known address. SMARTS does not assert that its name or its address as set forth in the affidavit are incorrect.

Prejudice to a defendant and/or lack of prejudice to a plaintiff is immaterial to the issue of whether a defendant has been properly served with process. This is not a motion for leave to file late responsive pleadings.

### II. SMARTS' Assertion That the Motion for Judgment Fails to State a Cause of Action

I agree with SMARTS that, as a general proposition, a default judgment may be invalidated when the motion for judgment fails to state a cause of action. *Landcraft Co. v. Kincaid*, 220 Va. 865, 870, 263 S.E.2d 419 (1980).

SMARTS appears to argue that the Plaintiff was an at-will employee, while the Motion for Judgment clearly alleges that he was employed "subject to a written employment agreement dated March 20, 2000." See paragraph 5 of the Motion for Judgment. SMARTS' observation that it is not alleged that the Plaintiff had an employment contract for a specific term or that the contract allowed termination only for cause does not vitiate the cause of action, but it may have an effect on the amount of damages that the Plaintiff may recover.

For the foregoing reasons, the Plaintiff's Motion for Default Judgment is granted. However, the Plaintiff is entitled only to a default judgment. The damages requested by the Plaintiff are not liquidated damages. There are no allegations in the Motion for Judgment that support the exact amount of the damages requested. Therefore, the Plaintiff will need to present evidence to support his requested damages.