## CIRCUIT COURT OF HENRICO COUNTY

Gary M. Gaskins, Sr.

v.

The Life Institute East, Ltd.

June 8, 2006

BY JUDGE GARY A. HICKS

This matter came to be heard by the Court on May 19, 2006, pursuant to a demurrer filed by The Life Institute East, Ltd. ("Life Institute") against Gary M. Gaskins, Sr.'s Bill of Complaint for Equitable Relief, dated October 7, 2005. Following the hearing and the submission of written memoranda, the Court has reviewed the pleadings and now renders its decision.

On October 22, 2004, Life Institute filed with the Clerk of the Circuit Court for the County of Henrico a Motion for Judgment against Gaskins, a Maryland resident. The action, styled *The Life Institute East, Ltd. v. Gary M. Gaskins, Sr.*, Case No. CL04-1346, alleged breach of contract by Gaskins and sought $25,000.00 in damages. On October 25, 2004, Life Institute served process on the Secretary of the Commonwealth of Virginia, pursuant to Virginia Code § 8.01-329. The Secretary of the Commonwealth forwarded the Motion for Judgment to Gaskins on November 3, 2004. Gaskins failed to respond. Subsequently, Life Institute filed a Motion for Entry of Default Judgment. On December 17, 2004, Default Judgment was entered in favor of Life Institute.

Gaskins filed this suit against Life Institute on October 7, 2005, requesting that the Court set aside the default judgment entered against him. In his Bill of Complaint for Equitable Relief, Gaskins alleged that he was not served with Life Institute's Motion for Judgment, nor was he aware that the suit had been filed against him. (Bill of Compl. ¶ 3.) He alleged that his failure

to respond to the initial Motion for Judgment "was due solely to the fact that he was unaware of its existence," and therefore free of fault or negligence. (*Id.* at ¶ 21.) He also alleged that he possessed "a good defense" to Life Institute's alleged cause of action. (*Id.* at ¶ 18.) Life Institute demurs to this Bill of Complaint.

.A trial court is authorized to entertain an independent action to relieve a party from any judgment or proceeding. Va. Code Ann. § 8.01-428(D); see *Rylands v. Manor Care, Inc.*, 266 Va. 503, 508.(2003). The elements required to establish an independent equity action to set aside a judgment, first articulated in *Charles v. Precision Tunes, Inc.*, 243 Va. 313 (1992) (applying former § 8.01-428(C)), are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) an absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* at 317. A party who files an independent action to challenge a judgment may only obtain relief by proving all the necessary elements. *Id.* (citations omitted). The question now before the Court is whether Mr. Gaskins has pleaded sufficient facts to establish the third element, "fraud, accident, or mistake," and thereby sustained his suit in equity. For the reasons discussed below, this Court finds Mr. Gaskins has failed to plead sufficient facts to establish fraud, accident, or mistake.

Life Institute served Gaskins by service on the Secretary of the Commonwealth of Virginia, in accordance with § 8.01-329 of the Code of Virginia. Service made in accordance with the requirements of this statute is complete and conclusive. *Basile v. American Filter Service, Inc.*, 231 Va. 34, 38 (1986). Although the issue in *Basile* concerned whether a judgment debtor could seek relief from default judgment in a manner other than by instituting an independent action, the court also found "there is no basis under § 8.01-329 for invalidating service on the statutory agent because of the defendant's failure to receive actual notice of the suit." *Basile, id.* See also *Carson v. Systems Management Arts*, 59 Va. Cir. 8, 10 (Loudoun County, 2002) (finding that service is complete even when an out-of-state defendant has no actual knowledge or notice of the litigation). Because a defendant's actual

knowledge of pending litigation has no bearing on the validity of a judgment entered against him where that defendant was properly served, the defendant's lack of knowledge does not constitute fraud, accident, or mistake.

Gaskins urged the Court to consider *National Surety Co. of New York v. State Bank of Humboldt*, 120 F. 593 (8th Cir. 1903), relied upon in *Precision, Inc.*, as persuasive in deciding the instant case. In *National Surety Co.*, plaintiff, a Nebraska bank, served process on defendant, a Missouri company, by its statutory agent, the Auditor of Public Accounts of the State of Nebraska. However, this state officer failed to send the defendant a summons in accordance with Nebraska law. The court found that the auditor's failure constituted "an unavoidable accident" that could not be attributed to the fault or negligence of the defendant. *Id.* at 597.

Although the analysis of *National Surety Co.* may indeed be instructive in Virginia cases involving analogous facts, the Court does not find that it is applicable in the instant matter. Had Gaskins' Bill of Complaint alleged noncompliance on the part of the Secretary of the Commonwealth in failing to forward a copy of the pleadings to him, the Court would certainly be compelled to find Gaskins had established facts to support a claim of fraud, mistake, or accident. However, this claim was not averred by Gaskins. Instead, Gaskins claims he "was not served with the Motion for Judgment" and that "he was unaware" of the existence of the action against him. The Secretary of the Commonwealth filed a Certificate of Compliance in the underlying matter. This indicates that the Secretary complied with Va. Code § 8.01-329 and its requirement that a copy of the process be mailed to Mr. Gaskins. Without more, the Court must presume the Secretary of the Commonwealth did what he certified he did. Service on the Secretary of the Commonwealth constitutes constructive notice to the defendant; therefore, actual notice to, or "awareness" of, the defendant is not necessary to establish a default judgment. It would certainly follow that lack of actual "awareness" or notice is insufficient to establish fraud, accident, or mistake.

For the foregoing reasons, the Court finds that Mr. Gaskins has failed to state sufficient facts to support a cause of action to set aside the default judgment and, accordingly, sustains the demurrer with prejudice.