# CIRCUIT COURT OF FAIRFAX COUNTY

2218815 Ontario, Inc.

v.

DanSources Technical
Services, Inc.

March 1, 2011

Case No. CL-2010-6808

By Judge Robert J. Smith

This matter is before the Court on the motion of Defendant DanSources Technical Services, Inc. ("DanSources") to reverse and set aside default judgment and to release garnishment of funds. After considering the oral arguments of counsel and reviewing the applicable authority, this Court finds that the default judgment against DanSources is void for lack of proper service and adequate notice. Therefore, this Court sets aside the default judgment and garnishment against DanSources.

## Background

On July 26, 2010, Ontario obtained a default judgment against DanSources. Ontario served DanSources through the Secretary of the Commonwealth pursuant to Va. Code § 8.01-329 (2010). Va. Code § 8.01-329 is entitled: "Service of process or notice; service on Secretary of Commonwealth." It is frequently referred to as long-arm jurisdiction. The Secretary of the Commonwealth mailed the Summons and Complaint to DanSources' registered agent in Maryland. The mailing was returned to the Secretary as "unclaimed." After entry of the default judgment, Ontario initiated garnishment proceedings against DanSources.

On November 23, 2010, DanSources filed a motion to set aside the default judgment. DanSources alleged that Ontario's attempt to serve DanSources under § 8.01-329 was defective because the address that Ontario used was not DanSources' "last known address." DanSources asserts that the proper "last known address" is the address at which the parties communicated during their business relationship. DanSources' principal place of business is located on Rockville Pike, Rockville, Maryland. Ontario served DanSources at the registered agent address, located on Edmonston Drive, Rockville, Maryland. DanSources did not receive a copy of the summons and complaint. Dansources did not know about the lawsuit until its funds were garnished.

On December 10, 2010, this Court vacated the default judgment that had been entered against DanSources. Thereafter, DanSources moved to dismiss the garnishment action.

Ontario then filed a motion to reinstate the default judgment, contending that it did not receive notice of the hearing date for the motion to set aside the default judgment. Ontario asserts that it learned about the order vacating the default judgment on December 21, 2010, when DanSources' attorney left a voicemail with Ontario's attorney about dismissing the garnishment.

Because Ontario contended that it did not receive proper service of the December 10, 2010, hearing, this Court granted Ontario leave to file an Opposition to DanSources' Motion to Reverse and Set Aside Default Judgment, to challenge the December 10, 2010, Order as void for lack of notice, and to oppose DanSources' Motion to Dismiss Garnishment.

This opinion addresses the issue of whether this Court's Order of July 26, 2010, should be set aside due to Ontario's alleged failure to properly serve DanSources.

## Analysis

DanSources contends that the default judgment is void and the accompanying garnishment is invalid because Ontario's constructive service through the Secretary of the Commonwealth was defective.

Under Va. Code Ann. § 8.01-428(A) (2010), a court may set aside a default judgment upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction, or (iv) on proof that the defendant was in the military service. . . . DanSources asserts that the default judgment is void under § 8.01-428(A)(ii).

*Service of Process on DanSources*

The parties do not dispute that DanSources, a foreign corporation, conducts business in Virginia. Va. Code Ann. § 8.01-329(A) (2010) allows service on the Secretary as a corporation's statutory agent. Ontario alleges overt and affirmative inaction on behalf of DanSources' registered agent because the mail was returned as "unclaimed" rather than "undeliverable," "no such address," or other mailing deficiency.

Under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 94 L. Ed. 865 (1950), "a mere gesture is not due process" and the means of notice must be one that a person who is "desirous of actually informing the absentee might adopt to accomplish it." Service on the Secretary as outlined in § 8.01-329(B) is not sufficient if it does not demonstrate a desire to inform the absentee. Service upon the secretary requires the party seeking service to file an affidavit with the court, stating either "(i) the person to be served is a nonresident or (ii) that after exercising due diligence, the party seeking service has been unable to locate the person to be served. In either case, such an affidavit shall set forth the last known address of the person to be served." Va. Code Ann. § 8.01-329(B) (2010).

Ontario's service, at an address that DanSources has not used to conduct business in over sixteen years, does not, in my opinion, demonstrate sufficient effort to give DanSources notice. Ontario's service falls short as well because, with the exception of the service upon the Secretary, Ontario had communicated with DanSources at the Rockville Pike address during their entire business relationship. The business relationship between the parties began with an oral contract in March 2009. Pl.['s] Compl. ¶ 4. Ontario does not claim to have communicated or corresponded with DanSources at any other address.

Ontario maintains that DanSources annually reports the Edmonston Drive address as its registered agent's address to the Maryland State Corporation Commission. Ontario argues that this is an address where Ontario could reasonably expect that service would reach DanSources. However, in *Cordova*, this Court said a Plaintiff must attempt to uncover information that is reasonably available to him to determine whether service of process at a particular address is "reasonably calculated to reach" the defendant. *Cordova v. Alper*, 64 Va. Cir. 87, 118 (2004).

Here, based on the information known and available to Ontario at the time of the service of process, Ontario could have provided the Secretary with the Rockville Pike address. *See, e.g., Virginia Lime Co. v. Craigsville Distributing Co.*, 670 F.2d 1366, 1368 (4th Cir. 1982) (holding that process sent to an address at which parties regularly correspond by mail and the party serving process reasonably could expect that the process would reach the defendant at that address comports with due process).

## Statutory Construction for Constructive Service

The Supreme Court of Virginia strictly construes the terms of the statute authorizing constructive service of process. *See Khatchi v. Landmark Restaurant Assoc., Inc.*, 237 Va. 139, 142, 375 S.E.2d 743, 744 (1989). The failure of a person attempting service to strictly follow the terms of a statute authorizing constructive service invalidates that service, and any subsequent default judgment based on that statute is void. *Id.* at 142. In *Khatchi*, the Court found that the plaintiff, whose husband knew the home addresses of the persons she was seeking to serve, could probably not have given an affidavit that she could not locate them. *Id.* at 143. *Khatchi* is different from this case because the defendants in *Khatchi* were residents of Virginia, but the Court's statutory interpretation of § 8.01-329(B) is relevant. This Court will construe strictly the requirement of an affidavit that relies on the last known address. The facts here indicate that Ontario could not properly claim that the Edmonston address is the last known address for DanSources because Ontario did not communicate with DanSources at that address.

Ontario argues that DanSources is not entitled to actual notice of the lawsuit because service of process was complete under § 8.01-329(C). Service of process is sufficient when the Secretary files a Certificate of Compliance with this Court. Va. Code Ann. § 8.01-329(C) (2010); *see also Basile v. American Filter Serv., Inc.*, 231 Va. 34, 38, 340 S.E.2d 800, 802 (1986). Mere failure of the defendant to receive an actual notice of the suit is not sufficient to invalidate service. *Id.* at 38; *Gaskins v. Life Inst. East, Ltd.*, 71 Va. Cir. 113, 114 (2006) (holding that actual notice to or "awareness" of the defendant is not necessary to establish a default judgment). Ontario's service of process on DanSources "facially" complies with the requirements of Virginia's long arm statute because the Secretary filed the Certificate of Compliance with this Court.

However, the Supreme Court of Virginia has set aside default judgments when the service was obtained through the Secretary where the plaintiff failed to provide any address of the defendant. *O'Connell v. Bean*, 263 Va. 176, 179, 556 S.E.2d 741, 741 (2002). A default judgment can also be set aside when the Plaintiff's affidavit indicates an incorrect "last known address." *Fadel v. El-Khoury*, 65 Va. Cir. 201, 204 (2004). Here unlike in *O'Connell*, Ontario's affiant did indicate the Edmonston address as the last known address. However, as in *Fadel*, the address was not one that Ontario would reasonably expect DanSources to actually receive mail.

The correct "last known address" is the address that is "reasonably calculated" to reach the defendant, where the parties have "regularly corresponded by mail," and where the addressor would "reasonably expect the addressee to actually receive mail." *Mullane*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865; *Virginia Lime Co.*, 670 F.2d 1366; *Cordova*, 64 Va. Cir.

87. In this case, such an address was the Rockville Pike address, not the Edmonston Drive address.

Because Ontario did not diligently attempt to serve process on DanSources at an address reasonably calculated to afford DanSources with service, the default judgment must be set aside, as it already has been, and the accompanying garnishment, likewise, must be set aside.