## (May 21, 1984)

■ AUGUSTA LUMBER & SUPPLY, INC., Respondent, v HERBERT H. SABBETH CORP., Appellant. — In an action to enforce a Virginia judgment awarding plaintiff damages for breach of contract, defendant appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J., on order granting summary judgment; Gowan, J., at inquest), entered October 28, 1983, in favor of plaintiff in the sum of $41,058.25. ¶ Judgment affirmed, with costs. ¶ In this action seeking enforcement of a Virginia default judgment, our inquiry is limited to ascertaining whether the courts of Virginia possessed personal jurisdiction over the defendant (see, e.g., *Milliken v Meyer,* 311 US 457; *Fauntleroy v Lum,* 210 US 230, 237). On that point, we must look to the jurisdictional statutes of the forum in which the judgment was rendered as well as due process considerations (see *Diners Club v Makoujy,* 110 Misc 2d 870, 872). ¶ Defendant disputes only notice, not basis, jurisdiction (see *Gager v White,* 53 NY2d 475, 485, n 2). On this point, subdivision B of section 8.01-329 of the Code of Virginia governs service on a nonresident party and provides in pertinent part that: "Service of such process or notice on the Secretary [of the Commonwealth of Virginia] shall be made by leaving a copy of the process or notice, together with [an affidavit stating that the person to be served is a nonresident] and the fee prescribed in § 14.1-103 in the office of the Secretary in the city of Richmond, Virginia. Such service shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith sent by registered or certified mail, with delivery receipt requested, by the Secretary to the person or persons to be served at the last known post-office address of such person, and an affidavit of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action". ¶ Under this statute, "service of process is sufficient * * * when notice of the service and a copy of the process are sent by registered or certified mail to the defendant's 'last known address' " (*Virginia Lime Co. v Craigsville Distr. Co.,* 670 F2d 1368; see, also, Note, Obtaining Jurisdiction Over Corporations in Virginia, 12 U of Rich L Rev 369, 392-393). In other words, service is complete upon mailing and denial of receipt raises no factual issue (Code of Va, § 8.01-312; *Powell v Knight,* 74 F Supp 191, 194; cf. *Micarelli v Regal Apparel,* 52 AD2d 524). The constitutionality of the Virginia statute was upheld by the Fourth Circuit in *Virginia Lime Co. v Craigsville Distr. Co.* (*supra*). ¶ Review of the record indicates compliance with the statutory provisions (see Code of Va, § 8.01-326). While the process was mailed to Box 652, 58 North Industry Court, Deer Park, New York 11729 and defendant claims that its address is 55 North Industry Court, this mistake does not void the process, in view of the fact that the post office box is correct and there is no proof that the process was returned to Virginia officials (*Brownell v Feingold,* 82 AD2d 844; cf. *Virginia Lime Co. v Craigsville Distr. Co., supra*). Of course if defendant never received the copy of the process in the mail, it may seek to vacate the Virginia judgment in that State (see *Wakerman Leather Co. v Foster Sportswear Co.,* 27 AD2d 767; Ann., 20 ALR2d 1179; Code of Va, § 8.01-428; cf. *Landcraft Co. v Kincaid,* 220 Va 865). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.