# Santo Basile

### v.

# American Filter Service, Inc.

Record No. 821775

March 7, 1986

Present: All the Justices

*Stephen W. Rideout (Stevens, Cake, Rhoades & Rideout, P.C.,* on brief), for appellant.

*Thomas C. Palmer, Jr. (Brault, Geschickter, Palmer & Grove,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In October 1980, Santo Basile obtained a judgment by default against American Filter Service, Inc., a nonresident corporation, in the amount of $12,000 in damages for personal injuries arising from the allegedly negligent performance of cleaning services by American Filter at Basile's place of business, Giacomo's Pizza. In July 1981, on motion of American Filter, the trial court set aside the default judgment; subsequently, the court denied Basile's motion to reconsider this ruling. At a jury trial in 1982, the court struck Basile's evidence and entered final judgment in favor of American Filter. The sole question presented to us in this appeal is whether the trial court erred in setting aside the default judgment.

Basile instituted these proceedings by motion for judgment filed in the trial court on June 3, 1980. In accordance with Code § 8.01-329, he obtained service on American Filter by serving notice of motion for judgment on the corporation's statutory agent, the Secretary of the Commonwealth. By affidavit of June 6, 1980, the Secretary of the Commonwealth certified that the suit papers had been forwarded to American Filter. No responsive pleadings were filed within 21 days following service.

In September 1980, Basile sent notice to American Filter that he would seek a default judgment. American Filter failed to appear at the scheduled hearing, and, after an *ex parte* hearing, the court determined and awarded damages against American Filter by judgment order entered October 29, 1980.

Both the statutory notice to the Secretary as agent for American Filter and Basile's notice of the default judgment hearing were directed to American Filter Service, Inc., P. O. Box 908, Columbia, Maryland. Neither address included a zip code. Both the notice forwarded to American Filter by the Secretary and the notice sent by Basile went by certified mail, with return receipt requested, but each was returned unclaimed.

In May 1981, American Filter filed a plea to the court's jurisdiction and motion to set aside the default judgment previously entered, alleging that it had received no actual notice of the suit but had learned of it only through a related action instituted by the corporation operating Giacomo's Pizza against American Filter for property damage. American Filter's president and lawyer both testified that they knew of the potential personal injury and property damage claims and that the personal injury claim was being serviced by the corporation's insurance carrier. The lawyer and the insurance carrier corresponded with Basile's lawyer, who represented both plaintiffs concerning these claims, but neither received notice of the action until after the judgment had been entered and the court's continuing jurisdiction had expired. The property damage suit was also instituted by substituted service on the Secretary of the Commonwealth, and the court papers forwarded to American Filter by certified mail to the same address used in the personal injury action were actually received by the defendant.

Basile's evidence included a statement on American Filter's billhead of the account of Giacomo's Pizza, which listed American Filter's post office box and telephone number in Columbia, Mary-

land, but omitted the zip code. Basile's evidence showed that there is only one post office box in Columbia numbered 908. Although there are three zip codes covering Columbia, postal officials testified that a letter addressed to P. O. Box 908, Columbia, Maryland, without listing the zip code, would be delivered to that box, which was rented by American Filter. They also testified that the notations on each item sent to American Filter indicated that two notices were placed in the box instructing American Filter to claim and sign for each item of certified mail at the postal window. The notices applied to the documents forwarded by the Secretary of the Commonwealth and the later notice sent by Basile's lawyer. In each instance, after two notices and the expiration of more than 15 days, the mail was marked "unclaimed" and returned to its sender.

As Basile notes, he complied in all respects with Rule 3:3 and Code § 8.01-329 governing the institution of actions at law and so-called "long-arm" service of process through service on the Secretary of the Commonwealth as a nonresident corporation's statutory agent. Under Rules 3:5 and 3:17, American Filter was in default when no responsive pleadings had been filed at the expiration of 21 days following service on the Secretary of the Commonwealth.

Code § 8.01-428 limits the circumstances under which a default judgment may be set aside to cases in which the judgment debtor demonstrates (1) fraud on the court, (2) a void judgment, or (3) an accord and satisfaction. American Filter has not established any of these grounds, relying instead on paragraph C of § 8.01-428, which provides that the section "does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding."

This provision cannot form the basis for setting aside a default judgment on the defendant's motion. The quoted language has been construed narrowly in the interest of finality of judgments and certainty of results. *See Byrum* v. *Lowe & Gordon*, 225 Va. 362, 365, 302 S.E.2d 46, 48, *cert. denied*, 464 U.S. 961 (1983); *see also Landcraft Co.* v. *Kincaid*, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980). American Filter may invoke this provision and seek relief from the default judgment only by instituting an "independent action," not by a motion filed as part of the cause in which the judgment order was entered. *See Byrum*, 225 Va. at 365-66, 302 S.E.2d at 48.

██ American Filter says that the Virginia cases in which default judgments have been upheld involved defendants who had actual knowledge of the pendency of suits against them and such a judgment should not be allowed to stand where, as here, the defendant had no actual knowledge of the litigation. Code § 8.01-329, however, provides:

> Such service [on the Secretary] shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith sent by registered or certified mail, with delivery receipt requested, by the Secretary to the person or persons to be served at the last known post-office address of such person, and an affidavit of compliance herewith by the Secretary . . . shall be forthwith filed with the papers in the action.

If these requirements are met, as they were in this case, service is complete and conclusive. *See Augusta Lumber* v. *Herbert H. Sabbeth Corp.*, 101 A.D.2d 846, 846, 475 N.Y.S.2d 878, 879 (N.Y. App. Div. 1984) (interpreting Virginia Code § 8.01-329). Failure to include the corporate defendant's zip code does not invalidate the service since the evidence established that omission of the zip code could not result in delivery to any location other than the corporation's correct address.

██ Although there is no basis under § 8.01-329 for invalidating service on the statutory agent because of the defendant's failure to receive actual notice of the suit, American Filter contends the trial court's inherent equity power justified its action in setting aside the default judgment. Thus American Filter seeks equitable relief in an action at law. As we noted in *Byrum*, however, such equity power is properly exercised only in an independent proceeding initiated by a party seeking relief from a judgment. *See* 225 Va. at 366, 302 S.E.2d at 48.

Having no grounds for setting aside the judgment in this case, the trial court exceeded its authority under § 8.01-428 and thereby abused its discretion. Accordingly, the judgment of the trial court will be reversed and the default judgment reinstated.

*Reversed and final judgment.*