## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia,
Division of Child Support Enforcement

    v.

Clarence J. Martin

July 5, 1989

Case No. L-89-200

By JUDGE WILLIAM H. LEDBETTER, JR.

Clarence J. Martin appeals an order of the Spotsylvania County Juvenile and Domestic Relations District Court adjudicating a child support arrearage of $5,173.00 and requiring payments on the arrearage at $100.00 per month. Martin contends that the proceeding is barred by the doctrine of res judicata.

An explanation of the history of the case is necessary in order to analyze Martin's res judicata claim.

According to the papers in the court file, support orders involving Martin go back at least to 1972. Because Martin's child received public assistance (ADC) from March 1977 to April 1982, support payments were owed to the Commonwealth, not the custodial parent, during that period. From time to time, Martin fell in arrears and was returned to court on show cause summonses.

On August 10, 1988, DCSE filed a petition in the juvenile court to collect an arrearage in support. The case was set for August 23, 1988, but Martin was not served and the case was rescheduled for September 27, 1988. On that date, Martin, the custodial parent, and

a representative of DCSE appeared. After a hearing, the court dismissed the show cause, and wrote on the dispositional portion of the summons: "Parties agree that no arrearage exists, and further agree that support order of 12-10-76 be dissolved." Martin's signature and the custodial parent's signature appear under this notation.

No post-trial motions or appeals followed.

On December 1, 1988, DCSE filed a new petition alleging an arrearage for the time period March 1977 through April 1982. Despite Martin's plea of res judicata, the lower court heard the matter on March 28, 1989, found an arrearage of $5,173.00, and ordered Martin to pay $100.00 per month. Martin noted this appeal.

Martin takes the position that the court's ruling and order of September 27, 1988, disposed of the arrearage issue, and, consequently, the subsequent proceeding which concluded with the order of March 28, 1989, was barred by the doctrine of res judicata.

On the other hand, DCSE argues that the original order, i.e., the September 27, 1988, order, is void because it was obtained by fraud. The "fraud" referred to by DCSE appears in the record for the first time in DCSE's brief filed in this court. DCSE charges that at the trial on September 27, 1988, at a time when its representative was out of the courtroom negotiating settlements in other child support cases, the Martin case was called, whereupon Martin and the custodial parent (who had been summoned as a witness) went forward, advised the court that they had reconciled, and averred no arrearage was owed. Based on that evidence, DCSE says, the court dismissed the petition.

Res judicata is the doctrine that final judgment or decree on the merits by a court of competent jurisdiction is conclusive of the rights of the parties and their privies in all later suits on points and matters determined in the former suit. Black's Law Dictionary (4th Edition, 1951) p. 1470.

No one disputes that the issue raised in the two proceedings was the same: it was the arrearage allegedly owed by Martin. Further, no one disputes that the lower court had cognizance of the parties (they were all present on the trial date) and the subject matter. Finally, there

can be no doubt that the original disposition addressed the merits of the charge and was a final adjudication.

DCSE is correct that an order or judgment entered by a court lacking jurisdiction, or which is the product of fraud upon the court, is void, and subject to collateral attack. Virginia Code § 8.01-428 specifically codifies the judiciary's inherent power to entertain at any time an independent action to set aside a judgment or decree for fraud upon the court.

However, where a court has jurisdiction and the power to make a ruling, but the order is based upon a mistaken view of the law or upon the erroneous application of legal principles, it is erroneous and voidable, but is not subject to collateral attack. *See Robertson v. Commonwealth*, 181 Va. 520 (1943).

In other words, there is a significant difference between an *erroneous* judgment, ruling or order, and a *void* judgment, ruling or order. There are many rights of litigants which should not be denied, yet if denied do not render the judgment void. This is true even if there is a fundamental error of law appearing on the face of the record. The power to decide includes the power to decide incorrectly, and an erroneous decision is as binding and final as one that is correct until it is corrected in a manner prescribed by law, *i.e.*, set aside on a timely post-trial motion or reversed by an appellate court.

Here, viewing the case in the light most favorable to DCSE, the most that can be said is that the lower court may have erred in the first proceeding if it found in Martin's favor without hearing whatever evidence DCSE was prepared to present in support of its petition. Assuming that the court erred, and the rights of one of the litigants (*i.e.*, DCSE) was denied, it does not follow that the decision was the product of fraud and is void.

DCSE contends that Mrs. Martin, the custodial parent, was not a party to the proceeding, but "she fraudulently represented to the court that in fact she was and that she had the authority to proceed in this case, which she clearly did not." Nothing in the record supports this contention. The petition was filed by DCSE, and this court must assume that the judge of the lower court knew that. This court also assumes that the judge knew that Mrs. Martin

was present in court as a witness -- she had been summoned as a witness -- and that she had no authority to seek dismissal on behalf of DCSE or anyone else, or "to proceed in this case" except to offer evidence as a witness.

DCSE alleges that it did not receive a copy of the September 27, 1988, order until October 12, 1988. But a representative of DCSE was *present*, though obviously inattentive to the calling of the docket and to the proceedings taking place in the courtroom. Surely the representative could have inquired about the outcome of the case either that day or in time to file a proper post-trial motion or an appeal.

DCSE says that it is seeking relief from the order of September 27, 1988, under § 8.01-428(C). However, that statute prescribes an *independent action* to set aside, or collaterally attack, the order for fraud upon the court. DCSE has filed no independent action. Instead, it filed another petition for a show cause order, alleging an arrearage, asking the court to readjudicate the identical issue, without any allegation of fraud or other circumstance which would have rendered the first order void. *See Basile v. American Filter Service*, 231 Va. 34 (1986).

For the foregoing reasons, this court is of the opinion that the second proceeding was barred by the doctrine of res judicata, and the lower court's order of March 28, 1989, which is the subject of this appeal, should not have been entered. The issue had been litigated on September 27, 1988, with all parties before the court. The court's original ruling may have been erroneous because it failed to consider all of the evidence on the points, but it was not void. Accordingly, the petition of DCSE filed on December 1, 1988, in the juvenile court for collection of a child support arrearage against Martin will be dismissed.