**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court building in the City of Richmond, on Friday, the 18th day of April, 2008.

Prince Seating Corporation,                                      Appellant

   against        Record No. 070277
                   Circuit Court No. CL-2003-213800

Edward J. Rabideau, Jr.,                                         Appellee.

Upon an appeal from a judgment rendered by the Circuit Court of Fairfax County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the circuit court.

Edward J. Rabideau filed a motion for judgment in the Circuit Court of Fairfax County seeking an award of damages against Prince Seating Corporation, a New York corporation. To effect service of the motion for judgment, Rabideau filed an affidavit for service of process with the Secretary of the Commonwealth under Code § 8.01-329. In the affidavit, Rabideau set forth Prince Seating's last known address as 1201 Broadway, New York, New York 10001.[1] The Secretary of the Commonwealth filed a certificate of compliance that process had been sent by certified mail to that address. The

---

[1] Based on exhibits included with his pleadings, Rabideau apparently relied upon information Prince Seating filed with the New York Department of State, the corporation's statutory agent under New York law, indicating that any process served upon the Department of State should be sent to Bernard A. Shafran at the 1201 Broadway address.

circuit court entered an order declaring Prince Seating in default and later awarded judgment in the amount of $1,450,000.

Prince Seating filed a motion in the circuit court to set aside the default judgment under Code § 8.01-428(A) and averred that its principal place of business was 1355 Atlantic Avenue, Brooklyn, New York 11216. Further, Prince Seating pled it had never been located, or maintained a registered agent, at the 1201 Broadway address and had never received any process relating to the proceedings against it by Rabideau. Prince Seating contended that the circuit court had lacked "active jurisdiction over Prince Seating as it never received service of process due to the faulty address in the Affidavit for Service of the Motion for Judgment." Consequently, Prince Seating argued the default judgment "is void and should be vacated." Prince Seating attached to its motion an affidavit by Abe Belsky, president of the corporation. Rabideau filed a memorandum with attached exhibits, opposing Prince Seating's motion.

The record does not reflect any other pleadings, proceedings, evidence, or stipulations. The circuit court heard Prince Seating's motion on November 3, 2006, but Prince Seating failed to include any transcript or statement of facts relating to that hearing as required by Rule 5:11. Therefore, the record on appeal

only includes the parties' pleadings and the circuit court's order.[2]

On appeal, Prince Seating assigns error to the judgment of the circuit court on the basis that Rabideau "knew" the 1201 Broadway address "was not [Prince Seating]'s 'last known address,' " that the address was incomplete, that Prince Seating was not located nor had a registered agent at that address, and that it "did not actually receive process." Several of Prince Seating's arguments were not pled or have no basis in the record before us and are thus foreclosed from appellate review under Rule 5:25.

Prince Seating's argument that the judgment is void because Rabideau "knew" the 1201 Broadway address was not Prince Seating's "last known address" was neither pled nor supported by anything in the record to reflect that argument was ever made to the circuit court. We therefore do not consider this argument on appeal. Rule 5:25. Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 352, 650 S.E.2d 92, 98 (2007) (appellant barred from raising new argument for the first time on appeal); Harmon v. Sadjadi, 273 Va. 184, 188 n.3, 639 S.E.2d 294, 296 n.3 (2007) (same); see also Omohundro v. Arlington County, 194 Va. 773, 778, 75 S.E.2d 496, 499 (1953) ("We can consider only the evidence presented in the record.

---

[2] For purposes of this appeal we assume, without deciding, that the circuit court could consider Belsky's affidavit as evidence of the allegations therein for purposes of ruling on the Code § 8.01-428 motion.

Questions raised in the brief about evidence not shown in the record cannot be considered by us."). Similarly, Prince Seating's argument that the 1201 Broadway address was "incomplete" and therefore failed to satisfy the Code § 8.01-329 requirements because it did not contain a reference to Bernard Shafran was not pled and the record does not reflect that argument was made to the circuit court.

Prince Seating also argues that Rabideau could not rely on the 1201 Broadway address simply because it appeared in the New York Department of State records for Prince Seating. Prince Seating further argues that, under New York law, service of process is ineffective if a plaintiff bypasses the Department of State and mails process directly to the address to which the Department would send process. These arguments were not pled in Prince Seating's motion or Belsky's affidavit and nothing in the record reflects that these arguments were presented to the circuit court. Therefore, we do not consider these arguments under Rule 5:25.

Prince Seating also contends the circuit court's judgment is void for lack of personal jurisdiction because it failed to meet the due process requirements of the United States Constitution. Nothing in the record reflects this argument was ever made to the circuit court and it is also barred from appellate review under Rule 5:25.

4

Lastly, Prince Seating contends its motion should have been granted because it was never located at the 1201 Broadway address or maintained a registered agent there and thus never, in fact, received service of process. However, because Prince Seating failed to provide an adequate record in this case, the certificate of the Secretary of the Commonwealth is sufficient to establish service of process and the jurisdiction of the circuit court.[3]

We cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the basis for that ruling or provide us with a record that adequately demonstrates that the court erred. Our rules require the appellant to "present a sufficient record on which the court can determine whether or not the lower court has erred." Wansley v. Commonwealth, 205 Va. 419, 422, 137 S.E.2d 870, 872-73 (1964) (citing Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256, 257 (1961)). "An appellant who seeks the reversal of a decree . . has the primary responsibility of presenting to this [C]ourt, as a

---

[3] The factual predicate to prove the court's personal jurisdiction is ordinarily the return of service of process. When process is served on the Secretary of the Commonwealth, the factual predicate is the Secretary's certificate of compliance. Code § 8.01-329(C). If the requirements of Code § 8.01-329 are met, "service is complete and conclusive." Basile v. American Filter Serv., Inc., 231 Va. 34, 38, 340 S.E.2d 800, 802 (1986). "[T]here is no basis under § 8.01-329 for invalidating service on the [Secretary of the Commonwealth] because of the defendant's failure to receive actual notice of the suit . . . ." Id.

part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error. . . . [W]here the evidence on which the decree is based has not been made a part of the record to be considered by us, it is impossible for us to pass on the point that the decree is contrary to the law and the evidence." Lawrence v. Nelson, 200 Va. 597, 598-99, 106 S.E.2d 618, 620 (1959). Because Prince Seating failed to provide an adequate record, we cannot determine the basis for the circuit court's ruling. Prince Seating's failure to file a transcript or statement of facts relaying the proceedings of the November 3 hearing precludes our review on appeal of its last argument.

Accordingly, for the foregoing reasons, we affirm the judgment of the circuit court. The appellant shall pay to the appellee damages according to law.

This order shall be certified to the said circuit court.

This order shall be published in the Virginia Reports.

A Copy,

Teste:

Clerk

6