COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Petty
Argued at Alexandria, Virginia


ALI AFGHAHI

v.      Record No. 1481-09-4

NEDA GHAFOORIAN

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MARCH 30, 2010


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

Fred M. Rejali for appellant.

Jahangir Ghobadi (Jahangir Ghobadi, P.C., on brief), for appellee.


Ali Afghahi ("husband") appeals a ruling of the Circuit Court of Fairfax County ("the

circuit court") ordering him to pay 514 gold coins to Neda Ghafoorian ("wife"), pursuant to what

the circuit court construed as a premarital contract between the parties.[1] On appeal, husband

argues that the circuit court erred in (1) allowing the marriage contract into evidence;

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The parties were married in Iran after executing a "Deed of Marriage" in that country
which in pertinent part states as follows:

> Ushering in prosperity and auspiciousness: The gift of a tome of
> Holy Koran valued at 50,000 Rials [Iranian currency], a bar of
> rock candy, and the pledge of five hundred fourteen (514) full
> Bahar-e Azadi (Liberty Spring) gold coins remaining totally the
> liability of the husband who must pay the above-mentioned wife.

For informational purposes, and to provide perspective for the issue in this case, we note
that based upon current exchange rates 50,000 Iranian Rials is equivalent to approximately $5 in
United States currency, and a Bahar-e Azadi (Liberty Spring) gold coin is legal tender in Iran
and a single coin is the equivalent of 2,800,000 Iranian Rials. Thus, at current exchange rates,
the 514 gold coins in dispute in this case approximate $141,100 in United States currency.

(2) allowing wife to testify as to Iranian and Islamic law; (3) re-opening the case to take additional evidence after it had taken his motion to strike under consideration; (4) awarding wife 514[2] gold coins when the unrebutted evidence was that the parties had no assets and never owned 514 gold coins; and (5) awarding wife 514 gold coins without any expert testimony as to the contents of the marriage contract and the law of the forum where it was executed. Husband also contends that the circuit court erred in finding that the marriage contract was not unconscionable. For the following reasons, we affirm.

ANALYSIS

A. Procedurally Defaulted

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "In the absence [of a sufficient record], we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).

---

[2] Husband on brief has the number of gold coins owed as 540, yet the final decree of divorce and the statement of facts note that the number of gold coins owed is 514.

More specifically, "[w]e cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the basis for that ruling or provide us with a record that adequately demonstrates that the court erred." <u>Prince Seating Corp. v. Rabideau</u>, 275 Va. 468, 470-71, 659 S.E.2d 305, 307 (2008). Where we do not have the benefit of a transcript of the proceedings, we can consider only that which is contained in the written statement signed by the trial judge. <u>Jenkins</u>, 12 Va. App. at 1185, 409 S.E.2d at 20.

### 1. Admissibility of Evidence: Marriage Contract

Husband argues that the circuit court abused its discretion in admitting the marriage contract and its BBC Multilingual English translation ("BBC translation") into evidence for two reasons: (1) it was not the original document, therefore the best evidence rule barred its admission; and (2) they were not properly authenticated as government documents.

In this case, there is nothing in the record noting either husband's objection to the admission of the marriage contract or the grounds for it. Nor is there anything in the record providing the basis for the trial court's decision overruling husband's objection. The statement of facts merely notes that the marriage contract was ultimately admitted "over the objection by [husband]" without stating what the specific objection was. In addition, the statement of facts does not even reference the BBC translation or whether husband objected to its admission into evidence. Further, the notations on the final decree simply state, "evidentiary objections made in ct [sic] as to best evidence rule pertaining to documents presented and translation of said documents not being accurate was ultimately overruled by the court." To reach the merits of this argument, this Court would have to assume that the objections noted on the final decree were made contemporaneously and specifically with regards to the admitted marriage contract and BBC translation. We decline to do so as the burden is on the appellant to present us with a

- 3 -

sufficient record upon which we can determine whether the circuit court erred. <u>Justis</u>, 202 Va. at 632, 119 S.E.2d at 256-57.

## 2. Lack of Expert Testimony

Husband further argues that the circuit court erred in awarding wife the coins on the basis that the marriage contract was vague and unenforceable because expert testimony was not presented at trial. Specifically, he contends that the marriage contract is vague on its face because (1) the marriage portion is referred to as both a "gift" and an "obligation" with no specific due date provided; and (2) there was no expert testimony regarding the meaning of "marriage portion" or the law of the forum where it was executed.

However, this issue is also procedurally barred under Rule 5A:18 because there is nothing in the record showing that it was specifically raised before the circuit court. The record simply notes in the final decree that husband objects because "[t]he marriage certificate was executed in a foreign forum and no expert testified as to the law of that forum. The certificate itself is not sufficient to make such award and is vague." We have nothing in the record establishing when or in what context husband raised the issue of the marriage contract being vague to the circuit court or the circuit court's ruling on this issue. <u>See</u> <u>Prince Seating Corp.</u>, 275 Va. at 470-71, 659 S.E.2d at 307 ("We cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the basis for that ruling or provide us with a record that adequately demonstrates that the court erred."). Therefore, this issue was not preserved and we cannot reach its merits.

## 3. Marriage Contract Unconscionable

Husband also argues the circuit court erred in finding that the marriage contract was not unconscionable. Specifically, he contends that the marriage contract was unconscionable based on extreme inequity, which justifies equitable relief.

Once again, the record fails to show that the husband presented this issue to the trial court or the basis for the circuit court's ruling on the issue, as required by Rule 5A:18. Further, husband's objection on the final decree simply states "It is unconscionable." Because we are limited to the record before us, and the burden is on the appellant to present a sufficient record upon which we can determine if the trial court erred, there is nothing upon which this Court can turn to determine if the circuit court committed reversible error. Thus, we do no reach the merits of this issue.

### B. Wife's Testimony

Husband argues that the circuit court erred in allowing wife to testify as to Iranian and Islamic law, since she was neither qualified nor offered as an expert on these subjects.

In this case, wife merely testified "she was owed 514 Bahar-E-Azadi gold coins as her marriage portion and that she was entitled to receive them at any time she demanded in accordance with [the marriage contract] executed by the parties in presence of witnesses." She further testified that "by signing the [marriage contract] [husband] had obligated himself to pay her 514 coins upon demand." Husband contends that this testimony was wife opining as to the meaning of a term in the marriage contract. However, these statements do not constitute expert testimony as to the meaning of a term in the contract or specifically what Iranian or Islamic law was with regard to marriage contracts. It was merely the testimony of wife as to what she believed she was owed in a contract that she had signed.

Thus, she was not required to be qualified as an expert on Iranian and Islamic law and the circuit court did not err in allowing wife to testify.

## C.  Admittance of Additional Evidence

Husband contends that the circuit court abused its discretion when it re-opened the case and admitted additional evidence after wife rested and the court had taken husband's motion to strike under consideration.

> [T]he reopening of a case and the admission of additional evidence after one or both parties have rested is a matter within the discretion of the trial court and its action will not be reviewed unless it affirmatively appears that this discretion has been abused or unless the admission of such additional evidence works surprise or injustice to the other party.

Laughlin v. Rose, 200 Va. 127, 129, 104 S.E.2d 782, 784 (1958).

In this case, there is no showing that the trial court abused its discretion in admitting the additional evidence, or that it was a surprise or injustice to the other party.  As part of her case-in-chief, wife attempted to admit a copy of the marriage contract and an English translation into evidence, and further testified that she had an original copy but did not have it presently with her in court.  Thus, it was to be anticipated and even expected that she would seek the admission of the original and an English translation of the marriage contract into evidence.  Therefore, we hold that the trial court did not abuse its discretion nor was the admission a surprise or injustice to husband.

## D.  Award of 514 Gold Coins

Lastly, husband contends that the circuit court erred in awarding wife the 514 gold coins when the unrebutted evidence was that the parties had no assets and had never owned the coins. Husband specifically argues that the trial court abused its discretion in that it misapplied Code §§ 20-107.3 and 20-109 by granting a monetary award when no value had been set for the award, the estate or the coins.[3]

---

[3] Code § 20-107.3 establishes the procedures that the courts must follow in determining the equitable distribution of marital assets and that a monetary award can only be granted "based

In this case, the circuit court did not equitably distribute the coins pursuant to Code § 20-107.3 because it did not view the property as marital property. In its letter opinion on October 27, 2008, the circuit court ordered husband to pay wife the 514 gold coins because it found them "due and payable under the *binding contract* entered by the parties, . . . ." (Emphasis added). In Virginia, parties are permitted to enter into premarital agreements, which are akin to contracts, in which they can "contract with respect to . . . [a]ny other matter, including their personal rights and obligations, not in violation of public policy or a statute imposing a criminal penalty." Code § 20-150. Because the circuit court found the coins due under a premarital agreement, the trial court did not abuse its discretion in that it did not even apply Code § 20-107.3 to the facts in this case. Thus, we hold that the circuit court did not err in ordering the 514 gold coins due and payable.

Affirmed.

---

upon the equities and rights and interests of each party in the marital property." <u>Robinette v. Robinette</u>, 4 Va. App. 123, 129, 345 S.E.2d 808, 811 (1987). Code § 20-109 provides the rules for changing the maintenance and support for a spouse.