Present:  All the Justices

SPECIALTY HOSPITALS OF WASHINGTON, LLC

v.  Record No. 102196

RAPPAHANNOCK GOODWILL
INDUSTRIES, INC.

OPINION BY
CHIEF JUSTICE CYNTHIA D. KINSER
March 2, 2012

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

Specialty Hospitals of Washington, LLC appeals from the circuit court's judgment denying a motion to set aside a default judgment under Rule 3:19(d)(1).  We conclude that a trial court is not required to find "actual notice" to a defendant or to articulate its consideration of and findings with regard to the factors listed in Rule 3:19(d)(1) when denying a motion for relief from a default judgment.  We further conclude that the circuit court did not abuse its discretion in refusing such relief in this case.  Therefore, we will affirm the circuit court's judgment.

RELEVANT FACTS AND PROCEEDINGS

Rappahannock Goodwill Industries, Inc. (RGI) entered into a "Rental Laundry-Linen Service Agreement" (the Agreement) with "Specialty Hospitals of Washington, LLC" (Specialty Hospitals), referred to in the Agreement as the "CUSTOMER."  The cover page of the Agreement, however, indicated that it was prepared for "Specialty Hospitals of Washington" with an address of "1310 Southern Avenue SE, Washington, DC 20032."  Eugene F. Kelleher,

Director, executed the Agreement on behalf of "Specialty Hospitals of Washington, Inc."[*]

When Specialty Hospitals allegedly did not pay for linen and laundry services provided by RGI pursuant to the Agreement, RGI filed a complaint in the circuit court against Specialty Hospitals, asserting claims for breach of contract, conversion, and quantum meruit. Because Specialty Hospitals was a foreign corporation, RGI effected substituted service of process on Specialty Hospitals through its statutory agent, the Secretary of the Commonwealth. See Code §§ 8.01-301(3) and -329(A). In its affidavit for service of process on the Secretary of the Commonwealth, RGI listed the last known address of Specialty Hospitals as the Southern Avenue address shown on the cover page of the Agreement and requested service of the summons and complaint on Specialty Hospitals' registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware. On June 7, 2010, the Secretary of the Commonwealth filed a certificate of compliance certifying that the summons and complaint had been forwarded by certified mail, return

---

[*] Any notice or communication required to be given to the customer pursuant to the Agreement was to be sent to Eugene Kelleher, Regional Director, Supply Chain Management, Specialty Hospitals of Washington, 1310 Southern Avenue SE, Washington, D.C. 20032.

2

receipt requested, to The Corporation Trust Company at the Wilmington address on June 3, 2010.

No responsive pleadings were filed on behalf of Specialty Hospitals. On August 16, 2010, RGI moved for default judgment against Specialty Hospitals. The circuit court granted the motion and, on August 23, 2010, entered judgment in favor of RGI in the amount of $815,634.32, plus attorneys' fees in the amount of $12,500.00 and $1,000.00 in anticipated costs to enforce the judgment. Within 21 days of the order entering judgment for RGI, Specialty Hospitals filed a motion under Rule 3:19(d)(1) to set aside the default judgment. In its motion, Specialty Hospitals alleged that service of process was defective, that RGI's claims were against a different entity, and that it had erroneously sued Specialty Hospitals. Specialty Hospitals claimed that it did not own or operate the facility located at the 1310 Southern Avenue address.

At an ore tenus hearing on Specialty Hospitals' motion, Raymond Alvarez, "group vice president for Specialty Hospitals of Washington," testified that an entity known as "United Medical Center," not Specialty Hospitals, operates the facility at the 1310 Southern Avenue address. Although Alvarez admitted that Specialty Hospitals received the order granting default judgment against it from The Corporation Trust Company, he

3

nevertheless denied that The Corporation Trust Company sent the summons and complaint to Specialty Hospitals. Alvarez further indicated that if a lawsuit had been pending against Specialty Hospitals, his job duties would have included handling the lawsuit or hiring counsel to do so.

Alvarez also admitted that Specialty Hospitals is incorporated in the State of Delaware and that its registered agent is The Corporation Trust Company. However, when asked to whom The Corporation Trust Company would have forwarded "paperwork" received by it in May 2010 as the registered agent for Specialty Hospitals, Alvarez responded, "I can't answer that question."

The circuit court found that "[t]here's nothing that's been presented here today that the information contained within the affidavit such as the person to be served or the address of the registered agent is the inappropriate registered agent for the defendant." The court further found that

> [t]he evidence was a little sketchy from Mr.
> Alvarez about what happened with this matter that
> was served upon its registered agent by the
> Secretary of the Commonwealth. There's nobody
> here from [T]he Corporation Trust Company to
> testify as to whether or not they received what
> was sent to them by certified mail, return
> receipt requested, by the Secretary of the
> Commonwealth or what they did with it once they
> received it. But, notice [was] provided through
> proper service. And in this case the plaintiff
> properly served per Virginia law the defendant.

4

Thus, the circuit court held "that the motion to set aside will be denied. There's proper service. And for whatever reason, the defendant did not take action to protect its interest and appear before the [c]ourt in timely fashion."

We awarded Specialty Hospitals this appeal on two issues: (1) whether the circuit court erred by failing to find "actual notice" to Specialty Hospitals when denying the motion to set aside the default judgment; and (2) whether the circuit court erred by failing to consider all the factors set forth in Rule 3:19(d)(1).

ANALYSIS

Generally, a defendant must file responsive pleadings within 21 days after service of the summons and complaint. Rule 3:8(a). A "defendant who fails timely to file a responsive pleading as prescribed in Rule 3:8 is in default." Rule 3:19(a). However, Rule 3:19(d)(1) provides that within 21 days of the entry of final judgment,

> the court may by written order relieve a
> defendant of a default judgment after
> consideration of the extent and causes of the
> defendant's delay in tendering a responsive
> pleading, whether service of process and actual
> notice of the claim were timely provided to the
> defendant, and the effect of the delay upon the
> plaintiff.

Whether to relieve a defendant of a default judgment under Rule 3:19(d)(1) rests within the sound discretion of a trial court. See AME Fin. Corp. v. Kiritsis, 281 Va. 384, 392-93, 707 S.E.2d 820, 824 (2011); see also Harper v. Virginia Dep't of Taxation, 250 Va. 184, 194, 462 S.E.2d 892, 898 (1995)(holding that the word "may" is permissive, importing discretion). Thus, on appeal, the standard of review is whether the trial court abused its discretion. See Poulston v. Rock, 251 Va. 254, 258-59, 467 S.E.2d 479, 482 (1996).

The circuit court's factual findings based on the evidence adduced at the ore tenus hearing on the motion to set aside the default judgment will be reversed on appeal only if such findings are plainly wrong or without evidence to support them. Ryland v. Manor Care, Inc., 266 Va. 503, 509, 587 S.E.2d 515, 519 (2003). We review such evidence in the light most favorable to RGI as the prevailing party. Id.

Specialty Hospitals argues that the circuit court was required to make a factual finding whether Specialty Hospitals received actual notice of the complaint filed against it by RGI and that the court committed reversible error by failing to do so. According to Specialty Hospitals, the factors listed in Rule 3:19(d)(1) should be viewed in the disjunctive and a defendant should be relieved from a default judgment if it

establishes any one of those factors.  Specialty Hospitals further contends that it established all the factors and that the circuit court erred by failing to state its consideration of and findings on each factor.  We disagree.

Service of process may be effected on a foreign corporation in accordance with the provisions of Code § 8.01-329.  Code § 8.01-301(3).  Pursuant to Code § 8.01-329(A), service of process or notice may be served on the Secretary of the Commonwealth.  In relevant part, that statute further provides:

> Such service [on the Secretary of the Commonwealth] shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith mailed by certified mail, return receipt requested, by the Secretary to the person or persons to be served at the last known post-office address of such person, and a certificate of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action.

Code § 8.01-329(C).

As RGI notes, Specialty Hospitals did not dispute that it is incorporated in the State of Delaware, that The Corporation Trust Company is its registered agent, or that the registered agent is located at the address shown in the affidavit for service of process on the Secretary of the Commonwealth. Neither did it challenge the accuracy of the certificate of

7

compliance, in which the Secretary of the Commonwealth certified that legal service was made upon the Secretary of the Commonwealth as the statutory agent in accordance with Code § 8.01-329, nor that the summons and complaint were forwarded by certified mail, return receipt requested, to The Corporation Trust Company. Indeed, the circuit court stated that Specialty Hospitals presented no evidence to show either "that the information contained within the affidavit such as the person to be served or the address of the registered agent [was] the inappropriate registered agent for [Specialty Hospitals]" or that the information in the affidavit was "false or incorrect." Thus, the circuit court concluded that "notice [was] provided through proper service" by RGI under Virginia law.

In Basile v. American Filter Service, Inc., 231 Va. 34, 340 S.E.2d 800 (1986), the plaintiff obtained a default judgment in an action against a nonresident corporation. Id. at 35, 340 S.E.2d at 800. The plaintiff effected service of process on the nonresident corporation by serving its statutory agent, the Secretary of the Commonwealth. Id. at 36, 340 S.E.2d at 801. The Secretary of the Commonwealth then certified that the suit papers had been forwarded to the defendant. Id. When the defendant failed to file any responsive pleadings, the plaintiff sent notice to the defendant advising that the plaintiff would

8

seek a default judgment. Id. The statutory notice by the Secretary of the Commonwealth and the plaintiff's notice of default judgment both were sent to the same address by certified mail, return receipt requested, but the address did not include a zip code. Id. Each mailing was returned unclaimed. Id.

The defendant failed to appear at the scheduled hearing for default judgment, and the trial court awarded a default judgment and damages against the nonresident corporate defendant. Id. The defendant then filed a motion to set aside the default judgment pursuant to Code § 8.01-428, alleging it had not received actual notice of the suit but had only learned of it through a related action. Id. at 36-37, 340 S.E.2d at 801-02. The trial court granted the motion and set aside the default judgment. Id. at 35, 340 S.E.2d at 801.

On appeal to this Court, the defendant argued that "the Virginia cases in which default judgments have been upheld involved defendants who had actual knowledge of the pendency of suits against them and such a judgment should not be allowed to stand where, as here, the defendant had no actual knowledge of the litigation." Id. at 38, 340 S.E.2d at 802. However, this Court reversed the trial court's judgment, determining that the requirements of Code § 8.01-329 for service of process on the Secretary of the Commonwealth were met and thus service was

9

"complete and conclusive." Id. The failure to include the zip code in the corporate defendant's address did not invalidate the service because the evidence before the trial court demonstrated that "omission of the zip code could not result in delivery to any location other than the corporation's correct address." Id. Thus, the Court concluded that "there [was] no basis under § 8.01-329 for invalidating service on the statutory agent because of the defendant's failure to receive actual notice of the suit." Id.

Although Specialty Hospitals sought relief from the default judgment under Rule 3:19(d)(1), not Code § 8.01-428, we nevertheless conclude, as we did in Basile, that the requirements in Code § 8.01-329 for service on the Secretary of the Commonwealth were met and that service is therefore "complete and conclusive." 231 Va. at 38, 340 S.E.2d at 802. The evidence supported the circuit court's conclusion that Specialty Hospitals received notice through proper service on the Secretary of the Commonwealth pursuant to the provisions of Code § 8.01-329. A finding by the circuit court that Specialty Hospitals had "actual notice" was not required when denying relief from the default judgment under Rule 3:19(d)(1).

Specialty Hospitals further contends, however, that the circuit court erroneously failed to consider and make findings

10

with regard to all the factors enumerated in Rule 3:19(d)(1) despite being presented with arguments and evidence on each factor. Specialty Hospitals contends that while there is no case law indicating "that a showing of all five factors is necessary to set aside a default, or whether the [trial court] must make [a finding] with regard[] to each factor," the Court, nevertheless, should require a trial court to state its consideration of and findings with regard to each factor, as we do when a trial court sets aside a default judgment under Code § 8.01-428(D). See Ryland, 266 Va. at 510, 587 S.E.2d at 519 (holding that "a trial court's decision to set aside a default judgment [under Code § 8.01-428(D)] is a significant action and must, therefore, include its consideration of and findings with regard to all the necessary elements"); Charles v. Precision Tune, Inc., 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992) (stating the elements of an independent action in equity to set aside a default judgment under what is now Code § 8.01-428(D)).

Whether a trial court must state its consideration of and findings as to all the factors set forth in Rule 3:19(d)(1) when relieving a defendant of a default judgment, as is required when granting such relief under Code § 8.01-428(D), is not before us today. For purposes of the narrow issue in this appeal, we find nothing in the language of Rule 3:19(d)(1) requiring a trial

11

court to do so when exercising its discretion to deny a defendant's motion to set aside a default judgment. Nor are we willing to impose such a requirement.

Nevertheless, it may be inferred from the reasons stated by the circuit court that it did indeed consider "the extent and causes of the defendant's delay in tendering a responsive pleading, whether service of process and actual notice of the claim were timely provided to the defendant, and the effect of the delay upon the plaintiff." Rule 3:19(d)(1); see also Poulston, 251 Va. at 260, 467 S.E.2d at 482 (noting that consideration of factors relevant to remitting a jury verdict "may be 'fairly inferred from the reasons given'") (quoting Caldwell v. Seaboard Sys. R.R., Inc., 238 Va. 148, 157, 380 S.E.2d 910, 915 (1989)). In denying the motion to set aside the default judgment, the circuit court stated that "[t]here's proper service. And for whatever reason, the defendant did not take action to protect its interest and appear before the [c]ourt in a timely fashion. And the default judgment received is appropriate." In sum, we cannot say that the circuit court abused its discretion in refusing to relieve Specialty Hospitals of the default judgment entered against it.

CONCLUSION

For these reasons, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.