Present: Kinser, C.J., Lemons, Goodwyn, Millette, Mims and Powell, JJ., and Lacy, S.J.

VIRGINIA POLYTECHNIC INSTITUTE
AND STATE UNIVERSITY

v.  Record No. 111912          OPINION BY SENIOR JUSTICE
                                   ELIZABETH B. LACY

PROSPER FINANCIAL, INC.            September 14, 2012

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M. D. Turk, Judge

In this appeal we consider whether the trial court erred in setting aside a default judgment in an action filed pursuant to Code § 8.01-428(D).

Background

In 2008, Virginia Polytechnic Institute and State University ("VPI") and Prosper Financial, Inc. ("Prosper") entered into a research contract.  The contract between the parties stated, on the first page, that Prosper had offices at 4801 Alhambra Circle, Coral Gables, Florida 33146.  Another provision of the contract provided that "[a]ny notices required to be given or which shall be given" to Prosper under the contract should be addressed to P.O. Box 331916, Miami, Florida 33233-1916.

In 2010, VPI filed a complaint in the Circuit Court of Montgomery County, Virginia claiming that Prosper breached the 2008 contract.  Because Prosper was a Florida corporation, VPI sought to effect service of process through the company's

statutory agent, the Secretary of the Commonwealth. See Code §§ 8.01-301(3) and -329(A). In its affidavit for service of process on the Secretary of the Commonwealth, VPI stated that Prosper was a foreign corporation and listed the post office box address contained in the notice provision of the contract as Prosper's last known address. The Secretary of the Commonwealth filed a Certificate of Compliance certifying that the complaint and summons had been sent by certified mail, return receipt requested, to Prosper at the post office box address. See Code § 8.01-329(C). Prosper did not file responsive pleadings and, on VPI's motion, the trial court entered a default judgment for $783,408.72 against Prosper on June 8, 2010.

In 2011, Prosper filed a motion pursuant to subsection (A) of Code § 8.01-428 asking the trial court to vacate the default judgment order. Prosper alleged that the default judgment was void or voidable for failure to comply with the requirements for service of process established by Code § 8.01-329. At the same time, Prosper filed an independent action pursuant to subsection (D) of Code § 8.01-428 raising the same allegations and asking for the same relief. The trial court held a single hearing to consider both the motion and the independent action.

At the hearing, Prosper argued that VPI's affidavit to the Secretary of the Commonwealth for substituted service was defective because it identified as Prosper's last known address

2

only one of the two addresses contained in the contract. According to Prosper, identification of both addresses was required under Code § 8.01-329(B). Therefore, according to Prosper, the service of process was void ab initio and the trial court did not have jurisdiction over Prosper when it entered the default judgment order. Prosper also asserted that the failure to list both addresses constituted fraud or fraud on the trial court.

VPI responded that it met the requirements of Code § 8.01-329 for service of process on Prosper and when the Certificate of Compliance was filed, service on Prosper was complete and conclusive. VPI argued that the address it specified in its affidavit was the address listed in the notice provision of the contract between the parties and was the address the parties had used for correspondence and billing purposes during the contract period. Therefore, VPI maintained that it met the requirements of Code § 8.01-329(B) and was not required to list both addresses. VPI also argued that it did not commit fraud or fraud upon the trial court by listing only the single address in its affidavit.

Following the argument of counsel, the trial court determined that the order of default judgment should be set aside stating that "due diligence in this instance, if there's two addresses, [service of process] should have been attempted

3

at both addresses."  At a subsequent hearing to clarify the basis for the ruling, the trial court stated that VPI "owed the duty, based upon the size of this suit and the nature of the suit, to try to serve both places" but that there was not "necessarily any type of fraud . . . ."  The trial court stated that "people deserve their day in court" and that "it's fundamental fairness for everybody that we overturn that default judgment, and . . . proceed on where this thing really ought to go."  The trial court expressly declined to determine if the order of default judgment should be set aside as void stating "[w]hether it's void or not, I don't know."  The trial court entered an order in the independent action setting aside the order of default judgment for the reasons stated at the hearings.  The trial court also entered an order granting Prosper's motion to vacate the default judgment.  The trial court did not differentiate the grounds on which it vacated the order of default judgment based on the nature of the proceeding (i.e., the motion to vacate or the independent action to vacate).  VPI filed this appeal from the judgment entered in the independent action.

Discussion

The issues raised in this appeal can be summarized as follows: (1) whether the trial court erred in holding that substituted service on the Secretary of the Commonwealth under

4

Code § 8.01-329 was invalid because subsection (B) of that statute required VPI to identify both Prospect's physical and post office box addresses as "the last known address of the person to be served;" and (2) whether the trial court's order was deficient because it failed to articulate certain findings required for vacating a default judgment in an action filed pursuant to Code § 8.01-428(D).

1. Compliance with Code § 8.01-329(B)

We have repeatedly held that any material failure to comply with the terms of the statute authorizing constructive service invalidates the service and that any default judgment based upon such service is void. O'Connell v. Bean, 263 Va. 176, 179, 556 S.E.2d 741, 742 (2002)(failure to check box in affidavit form to incorporate the defendant's last known address was a material deviation from requirements of Code § 8.01-329 and thus service was invalid); see also Khatchi v. Landmark Restaurant Assocs., 237 Va. 139, 142, 375 S.E.2d 743, 745 (1989) (affidavit defective and service invalid because plaintiff failed to satisfy requirements of Code § 8.01-329(B) and indicate that either the defendant was non-resident or foreign corporation or after exercising due diligence, party to be served could not be located). But see Basile v. American Filter Serv., Inc., 231 Va. 34, 38, 340 S.E.2d 800, 802 (1986)(failure to include corporate defendant's zip code on affidavit did not invalidate

5

service because omission of zip code could not result in delivery to any location other than corporation's correct address). Consequently, the issues which we must determine are what the statute requires and whether VPI fulfilled those requirements.

Code § 8.01-329(B) provides that a party seeking to secure service of process on another party through serving the Secretary of the Commonwealth shall execute an affidavit stating either:

> (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service has been unable to locate the person to be served. In either case, such affidavit shall set forth the last known address of the person to be served.

(Emphasis added.)

VPI argues that, under the plain language of the statute, a party complies with the statute by furnishing a single address for service of process, even if a plaintiff knows of more than one address for the person to be served. Prosper contends that under principles of statutory construction and constitutional due process, the statute's use of the word "the" rather than "a" when referring to the last known address means that when more than one address is known, all known addresses of the party to be served must be provided.

6

We have not previously been asked to construe this provision in circumstances in which more than one current address for the person to be served is known to the plaintiff. "In construing statutes, courts are charged with ascertaining and giving effect to the intent of the legislature. That intention is initially found in the words of the statute itself . . . ." Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91, 488 S.E.2d 345, 346 (1997) (citation omitted). Accordingly, "[w]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). Where the legislature's intent is not evident from the language it enacted because the words it used are amenable to more than one interpretation, "the plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (quoting Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998)) (internal alteration omitted).

We reject Prosper's construction of Code § 8.01-329(B). The use of the definite article "the" coupled with the singular form of the noun "address" reflects a

7

legislative intent to serve process at a single address, not multiple addresses.[*]

Prosper argues further, however, that application of the statute to allow a plaintiff to "pick and choose, at its sole discretion" among known addresses of the person to be served "offends traditional notions of fair play and substantial justice" and consequently is unconstitutional under International Shoe Co. v. Washington, 326 U.S. 310 (1945).  We disagree.

In the context of substituted service, the due process principles of fair play and substantial justice concern the likelihood that the method chosen will inform the party to be served of the pending litigation.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . .  [I]f with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.
> . . . .

---

[*] Similarly, contrary to the trial court's interpretation, the statute does not reference the exercise of due diligence as a method of selecting the last known address of the party to be served.  The statutory requirement of due diligence is imposed only when the person to be served is a resident of the Commonwealth whose location is unknown.  Code § 8.01-329(B)(ii).

8

> The reasonableness and hence the constitutional
> validity of any chosen method may be defended on the
> ground that it is in itself reasonably certain to
> inform those affected . . . or . . . that the form
> chosen is not substantially less likely to bring home
> notice than other of the feasible and customary
> substitutes.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950) (citations omitted); see also Virginia Lime Co. v. Craigsville Distrib. Co., 670 F.2d 1366, 1368 (4th Cir. 1982).

The record in this case demonstrates that Prosper received mail at the post office box address, that VPI mailed correspondence by certified mail, return receipt requested, to Prosper at the post office box address, that both the president and general manager of Prosper received or signed the certification of mailing accompanying correspondence from VPI, and that Prosper used both the post office box address and the physical address during its contractual relationship with VPI. This evidence demonstrates that the address VPI identified on the affidavit required by Code § 8.01-329(B) was reasonably calculated to provide notice to Prosper of the pending litigation and was not less likely to provide notice than other feasible or customary substitutes.

The use of the post office box address in this case, although one of two known to VPI, was not unconstitutional and satisfied "the last known address" requirement of Code § 8.01-329(B). Therefore the trial court's determination that both

addresses were required to comply with Code § 8.01-329(B) was error and cannot be sustained as a basis for setting aside the default judgment order.  Because the relevant requirements of Code § 8.01-329(B) were met in this case, service was complete and actual notice of the proceeding was not required.  <u>Basile</u>, 231 Va. at 38, 340 S.E.2d at 802.

### 2. Application of Code § 8.01-428(D)

VPI also argues that the trial court's judgment vacating the default decree in the action filed pursuant to Code § 8.01-428(D) should be reversed because the court did not "articulate a sufficient finding of cause" to support the judgment.  We agree.

Code § 8.01-428(D) provides:

> This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, . . . or to set aside a judgment or decree for fraud upon the court.

This provision does not create new rights or remedies and we construe it narrowly to advance the principle of finality of judgments.  <u>Charles v. Precision Tune, Inc.</u>, 243 Va. 313, 317, 414 S.E.2d 831, 833 (1992).  The party seeking to set aside a default judgment in an independent action brought pursuant to what is now Code § 8.01-428(D) must prove each of the following five elements:

10

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Id. at 317-18, 414 S.E.2d at 833. We have stated that when setting aside the default judgment in an independent action, the trial court must articulate "its consideration of and findings with regard to all the necessary elements." Ryland v. Manor Care, Inc., 266 Va. 503, 510, 587 S.E.2d 515, 519 (2003). See also Specialty Hosps. of Washington, LLC v. Rappahannock Goodwill Industries, Inc., 283 Va. 348, 357, 722 S.E.2d 557, 561 (2012) (articulation of elements required to set aside default judgment in action brought pursuant to Code § 8.01-428(D)).

The trial court in this case did not articulate its consideration of or findings with regard to such elements as the absence of an adequate remedy at law, whether Prosper had a good defense to the underlying cause of action, and whether Prosper was free of fault or negligence in the failure to receive the notice.

Prosper argued that VPI's failure to include both addresses when it was aware of both addresses constituted fraud or fraud on the court, however, the trial court specifically stated "I don't know that it was necessarily any type of fraud." The

11

trial court did not address accident or mistake.  Accordingly, the trial court erred in setting aside the order of default judgment in the independent action brought pursuant to Code § 8.01-428(D) without identifying its findings on the necessary elements of the action.

Conclusion

For the reasons stated, we will reverse the judgment of the trial court vacating the order of default judgment in the independent action brought pursuant to Code § 8.01-428(D) and reinstate the final judgment against Prosper.

Reversed and final judgment.